**Herman RATLIFF aka Herman Turner, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66972.**

Court of Criminal Appeals of Texas, En Banc.

June 5, 1985.

John E. Hawtrey, Bryan, for appellant.

Travis B. Bryan, III, Dist. Atty. and Jim W. James, III, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

A jury convicted appellant of aggravated robbery and assessed punishment, enhanced by a prior conviction, at confinement for not less than fifteen years nor more than forty years.

In one of his nine grounds of error appellant contends that the trial court erroneously restricted his voir dire examination to the extent that he could not exercise his peremptory challenges intelligently and thus was deprived of effective assistance of counsel.

The court initially advised counsel for the State and counsel for appellant that they each had one hour in which to conduct the voir dire. The judge informed the jury about certain principles of law including the presumption of innocence, the burden of proof, the defendant's right not to testify, and trial procedure. The State spent a total of 43 minutes lecturing the jurors on certain principles of law; questioning them as a whole about their ability to assess the maximum punishment; and questioning them individually about background information such as occupation. Appellant began his voir dire by telling the jury about certain principles of law. Then, he questioned the panel as a whole, row by row, about whether they knew the prosecutors or any of the State's witnesses; whether any of them or any member of their family had been a victim of a crime; whether their

family or close friends were in law enforcement or had served on a grand jury; and, depending on the various answers, whether they could act as fair and impartial jurors and render a verdict based only upon the evidence heard in the courtroom. During the course of the voir dire appellant challenged three veniremembers for cause and questioned a fourth at the bench for several minutes. Two of the challenged veniremembers were excused. After appellant had examined three veniremembers individually the court told him that his hour was "up", but that the court would give him fifteen more minutes. The court actually allowed him twenty-one more minutes, during which he questioned seven more veniremembers individually. The court then told appellant he could have fifteen minutes to make a closing statement. Appellant objected to the action of the court in limiting his voir dire. He perfected a bill of exception in which he stated that he had only questioned eleven veniremembers. He offered a list of fifteen questions that he wanted to ask and which he alleged were necessary so that he could exercise his peremptory challenges and provide adequate representation.

> The right to be represented by counsel, guaranteed by Article 1, Section 10 of the Texas Constitution, encompasses the right of counsel to question the members of the jury panel in order to intelligently exercise his peremptory challenges. *Mathis v. State*, 167 Tex.Cr.R. 627, 322 S.W.2d 629 (1959); *De La Rosa v. State*, 414 S.W.2d 668 (Tex.Cr.App.1967); *Burkett v. State*, 516 S.W.2d 147 (Tex.Cr.App. 1974); *Hernandez v. State*, 508 S.W.2d 853 (Tex.Cr.App.1974); *Abron v. State*, 523 S.W.2d 405 (Tex.Cr.App.1975). The trial court, in its sound discretion, can and should control the voir dire examination of the venire; ...

*Mathis v. State*, 576 S.W.2d 835, 836 (Tex. Cr.App.1979). A trial court may impose reasonable restrictions on the exercise of voir dire examination. See *McManus v. State*, 591 S.W.2d 505 (Tex.Cr.App.1979). These two principles—the right of counsel to question veniremembers and the right of the trial court to control the voir dire and impose reasonable restrictions—coexist and must be harmonized.

In reviewing a contention that the trial court abused its discretion in the time limitation which it imposed, two factors are relevant: (1) whether the defendant's voir dire examination reveals an attempt to prolong the voir dire; for example, whether the questions were irrelevant, immaterial or unnecessarily repetitious; and (2) whether the questions that the defendant was not permitted to ask members of the venire were proper voir dire questions. *Clark v. State*, 608 S.W.2d 667 (Tex.Cr.App.1980); *De La Rosa v. State*, 414 S.W.2d 668 (Tex. Cr.App.1967).

The cornerstone case on the issue of time limitation of voir dire examination is *De La Rosa*, supra. In *De La Rosa* a thirty minute limit on the defendant's voir dire examination was held to be "unreasonable." This Court noted two important factors in reviewing the contention: First, the defendant's voir dire revealed no attempt to prolong the examination of prospective jurors; and second, the questions set out in his bill of exception were proper and were not irrelevant, immaterial or unnecessarily repetitious.

In *Barrett v. State*, 516 S.W.2d 181 (Tex. Cr.App.1974) a thirty minute limitation was found to be reasonable because of the two factors noted in *De La Rosa*. This Court found that the defendant in *Barrett* sought to extend the voir dire proceedings indefinitely and that his twenty-six page list of questions was full of repetitious and irrelevant questions.

In *Clark v. State*, 608 S.W.2d 667 (Tex. Cr.App.1980) a panel of this Court distinguished *Barrett* and *De La Rosa* on the basis of the two factors noted in *De La Rosa*, supra. The panel found that the defendant did not attempt to prolong the voir dire proceedings because the questions he asked were proper. The panel then discussed one of the questions included in the defendant's bill of exception and found that it was a proper question. In light of

these two factors, the thirty-eight minute limitation of the defendant's voir dire examination was found to be "arbitrary."

This Court held that a fifty minute limitation of a defendant's voir dire examination was reasonable in *Whitaker v. State,* 653 S.W.2d 781 (Tex.Cr.App.1983). However, the Court did not review the contention by examining the limitation in light of the two factors set out in *De La Rosa,* supra. Rather, the court focused on the fact that appellant was able to individually examine twenty-three members of the panel and the record did not reflect whether the jury was composed entirely of those he examined. Since there was no showing that the jury was not composed of twelve people from these twenty-three, this Court held that no harm was shown.

In *Thomas v. State,* 658 S.W.2d 175 (Tex. Cr.App.1983) this Court held that a defendant was unduly restricted by the forty-five minute limit imposed. The trial court initially allowed the defendant thirty-five minutes in which to conduct voir dire, but then gave the defendant an additional ten minutes. The defendant was able to examine eight prospective jurors individually. This Court held that the defendant demonstrated harm because some jurors who served were not individually examined and the defendant, in his bill of exception, had relevant questions to ask individual jurors that he was not allowed to ask by reason of the time limitation.

█ *Whitaker* and *Thomas* seem to have added another factor to the two factor test set out in *De La Rosa,* supra, for evaluating the reasonableness of a time limitation. Besides showing that he did not attempt to prolong voir dire and that he was not permitted to ask proper and relevant questions, *De La Rosa,* supra, a defendant must also show that he was not permitted to examine jurors who served on the jury. *Clark,* supra; *Thomas,* supra.

█ Each case must be examined on its own facts. A reasonable time limitation for one case may not be reasonable for another. We caution that the amount of

time allotted is not, by itself, conclusive. Various and unpredictable considerations such as the complexity of the case or the makeup of the venire may prolong a voir dire examination. Challenges for cause and discussions at the bench can contribute to a lengthy voir dire examination. In the instant case appellant was initially allowed one hour in which to conduct voir dire examination. The court then permitted him to examine veniremembers for an additional twenty-one minutes. During the course of appellant's voir dire examination he was forced to expend additional time examining three or four jurors before the bench due to challenges for cause. He also had to question some jurors more than others because of their responses to his questions that were directed at the whole venire.

█ We apply the three factor test of *De La Rosa, Clark,* and *Thomas* to the instant case. We find no attempt on the part of appellant to prolong the voir dire as the questions he asked were relevant, material and necessary to help him intelligently exercise his peremptory challenges and his challenges for cause. He did not spend an inordinate amount of time lecturing the jury.

Appellant listed fifteen questions in his bill of exception. He asked the whole venire five or six of those fifteen questions. For example, he was not permitted to ask most of the veniremembers whether they could vote "not guilty" if the State proved a different element of the offense than they alleged. Most of the questions are proper areas of inquiry for the purpose of intelligently exercising either a peremptory challenge or a challenge for cause. See Art. 35.16(c)(2).

Appellant examined ten veniremembers individually. Only three of those ten served on the jury. Because some jurors who served were not individually examined by appellant, and because appellant has shown in his bill of exception that he had relevant questions to ask individual jurors, questions he was not permitted to ask be-

cause of the time limitation, he has demonstrated harm. *Thomas,* supra.

In view of appellant's voir dire which consisted, for the most part, of relevant, material and necessary questions; in view of the trial court's refusal to allow appellant to ask a proper question; and in view of the fact that some jurors who served were not individually examined by appellant because of the time limitation, we conclude that the time limitation was unreasonable. The ground of error is sustained.

The judgment is reversed and the cause remanded.

ONION, P.J., and WHITE, J. dissent.

TEAGUE, Judge, concurring and dissenting.

The majority opinion for the Court correctly holds that the trial judge in this cause, at the outset of the voir dire examination of the jury panel, erroneously restricted counsel for appellant's voir dire examination by imposing an unreasonable time limitation in which counsel had to conduct his voir dire examination of the jury panel.

The reason I write is to once again plead with a majority of this Court to expressly overrule *Barrett v. State,* 516 S.W.2d 181 (Tex.Cr.App.1974),[1] which decision of this Court is the obvious source why the trial judge in this cause expressly imposed an unreasonable time limitation on counsel for appellant's voir dire examination of the jury panel.

To allow *Barrett v. State,* supra, to continue to remain a valid declaration of law by this Court, namely, that the trial judge is authorized by law to set and cause the attorney for the accused to adhere to an arbitrary time limit in which counsel, or, if *pro se,* the defendant himself, must complete his voir dire examination within the arbitrarily imposed time limitation, is to perpetuate the game of oneupmanship. This, to me, causes the voir dire examination not to become the time when counsel for the accused makes the intelligent determination whether a prospective juror should be challenged for cause, or be stricken without cause, but, instead, is the time to see whether he can outplay the trial judge in the game of oneupmanship.

In this instance, counsel for appellant "won" the game, in the sense that he has achieved a reversal for his client. But, isn't it judicial ridiculousness for this Court to now hold that the appellant is entitled to a new trial—because his trial counsel bested the trial judge in a game of oneupmanship, which game, but for this Court's decision of *Barrett v. State,* supra, would probably never have been played in the first place in this cause.

Because *Barrett v. State,* supra, expressly perpetuates the game of oneupmanship, which I do not believe has any place in our system of criminal jurisprudence, I must respectfully dissent to the majority's continued refusal to expressly overrule *Barrett v. State,* supra.

McCORMICK, J., joins.

---

1. See my comments in the dissenting opinion I filed in *Whitaker v. State,* 653 S.W.2d 781 (Tex. Cr.App.1983) (Teague, J., dissenting opinion).