NUMBER 13-99-061-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


_______________________________________________________________________


PEDRO RODRIGUEZ, JR., A/K/A 

PETE HERNANDEZ, A/K/A PEDRO 

PETE RODRIGUEZ, A/K/A SCAR FACE
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

_______________________________________________________________________


On appeal from the 156th District Court


of Bee County, Texas.


________________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Rodriguez


Opinion by Chief Justice Seerden



 Pedro Rodriguez, appellant, was indicted for burglary of a
habitation with intent to commit indecency with a child. Tex. Pen. Code
Ann. § 30.02 (d) (Vernon 2000). Appellant pled not guilty and the jury
found him guilty of the lesser included offense of criminal trespass. Tex.
Pen. Code Ann. § 30.05 (a) (Vernon 2000). Appellant then pled true to
two enhancement paragraphs and was sentenced to one year of jail and
a $4000 fine. 

 By four issues, appellant contends that: (1) the trial court erred in
refusing to allow evidence of the prior sexual history of the child; (2) the
prejudicial effect of letters written by appellant to the child outweighed
their probative value; (3) comments by the prosecutor during closing
argument alluded to the prior sexual history of the child and denied
appellant an opportunity to present his case; and (4) the trial court erred
in forbidding him to ask prospective jurors during voir dire about
whether acquitting the innocent or convicting the guilty is the jury's
most important function.

 The State has not favored the Court with a response to appellant's
complaints. 

 The evidence at trial showed that the alleged victim, a thirteen
year-old female, was asleep in the back bedroom of her mother's house. 
Two others were also sleeping in the room. One of the others was
awakened by the touch of appellant, whom he knew and recognized. 
He saw appellant sitting on the bed, rubbing the victim's upper leg. 
The victim awoke, immediately crawled from the bed, and ran into the
bathroom. The third occupant of the room corroborated these facts. 
The facts were related to the victim's mother who testified that
appellant did not have permission to enter the home.

 By his first and second issues, appellant argues that evidence
regarding the victim's prior sexual history was erroneously excluded
and that letters written by him to the victim were erroneously admitted. 

 With regard to the victim's prior sexual history, appellant contends
that evidence of the victim's prior sexual relationship with another man
should have been admitted. The trial court refused to admit the
evidence, ruling that it was neither admissible, pursuant to rule 412 of
the Texas Rules of Evidence, nor relevant. Appellant contends that the
evidence is relevant to support his theory that someone other than
appellant, a specific person with whom the victim is alleged to have had
a sexual relationship, was the person who entered the house. 
Moreover, appellant argues that rule 412 does not preclude the
admission of this evidence because this is not a sexual assault,
aggravated sexual assault, or attempted sexual assault case. See Tex.
R. Evid. 412. 

 Notwithstanding the application of Rule 412 here, a trial court
retains wide discretion to determine the relevance and materiality of
evidence proffered by a party. Montgomery v. State, 810 S.W.2d 372,
378 (Tex. Crim. App. 1990) (opinion on reh'g). Absent a showing of
abuse of that discretion, the trial court's ruling will be upheld. Rachal
v. State, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996). Here, the trial
court determined, after having been informed of the substance of the
evidence and listening to the arguments of counsel, that the evidence
was not relevant. The trial court was in an appreciably better position
than this court to make that assessment. We will not disturb the trial
court's conclusion. The trial court did not abuse its discretion in
refusing to admit the evidence. Appellant's first issue is overruled.

 With regard to the letters written by appellant which were
admitted, the rules of evidence provide that all relevant evidence is
admissible if it is material, more probative than prejudicial, and not
otherwise barred by another rule. See Tex. R. Evid. 401, 402, 403. 
Here, the letters were relevant to show that appellant was familiar with
the victim and pursuing a relationship of some sort with her. The fact
that appellant was tried for burglary with intent to commit indecency
makes the letters material to showing that it was more likely than not
that appellant intended to touch the victim. There is no rule which
precludes admitting this evidence. Accordingly, we hold that the trial
court did not abuse its discretion in admitting the letters. Appellant's
second issue is overruled.

 By his third issue, appellant complains that the court erred in
permitting the State to discuss the child's sexual history during closing
argument. Our review of the record discloses no objection to that
argument. Any error has been waived because that argument is not
incurable. Tex. R. App. P. 33.1(a). Appellant's third issue is overruled. 

 By his fourth issue, appellant argues that the trial court should
have permitted him to ask the prospective jurors during voir dire
whether they considered it the more important function of a jury to 
convict the guilty or acquit the innocent. 

 A trial court retains discretion to "impose reasonable restrictions
on the exercise of voir dire examination." Ratliff v. State, 690 S.W.2d
597, 599 (Tex. Crim. App. 1985). Thus, when reviewing a claim
regarding a limitation on voir dire examination, we employ an abuse of
discretion analysis, focusing on "whether the appellant proffered a
proper question concerning a proper area of inquiry." Howard v. State,
941 S.W.2d 102, 108 (Tex. Crim. App. 1996). A proper question is
"one which seeks to discover a veniremember's views on an issue
applicable to the case." Id. The trial court may, however, restrict the
use of confusing or misleading questions, even when those questions
might otherwise be proper. Id. 

 The record indicates that appellant's counsel suggested to the
venire that the jury serves two functions: to acquit the innocent and to
convict the guilty. He then asked the veniremembers to raise their
hands if they agreed that the most important function of the jury is to
convict people. The State objected, claiming that defense counsel was
attempting to ask "the jury to make a commitment as to whether
they're going to be looking for a conviction or looking for an [sic]
innocence." The court sustained the objection, but allowed defense
counsel to rephrase his question. Counsel then asked the
veniremembers to raise their hands if they agreed that the most
important function of the jury is to be sure that the innocent do not get
convicted. The State again objected and the court again sustained the
objection. Counsel then abandoned this line of questioning. 

 This line of questioning was not proper. The question posed by
defense counsel did not seek the veniremembers' views on issues
applicable to the case. The question is irrelevant to determining
potential bias because both potential answers are equally correct
statements of the jury's function. The trial court did not abuse its
discretion in disallowing these questions. Appellant's fourth issue is
overruled. 

 The judgment of the trial court is AFFIRMED.

 

 

 ROBERT J. SEERDEN, Chief Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 20th day of July, 2000.