NUMBER 13-99-360-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


RUBEN PENA SAUCEDO
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from County Court at Law No. 2


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Castillo, and Kennedy(1)


Opinion by Justice Kennedy



 Appellant was convicted by a jury of driving while intoxicated
(DWI). At a separate hearing, the trial judge found that appellant had
previously been convicted of DWI and assessed punishment at
confinement for one year, probated for eighteen months. The court also
assessed a fine of $650 and thirty hours of DWI classes.

 This appeal brings two points of error. The first alleges that the
trial court abused its discretion in allowing two cases to voir dire the
jury panel at the same time and limiting voir dire to ten minutes for each
side.

 The case before us deals with two competing rights. The first
right is the constitutionally guaranteed right to counsel which
encompasses the right to question prospective jurors in order to
intelligently and effectively exercise peremptory challenges and
challenges for cause during the jury selection process. The second right
is that of the trial judge to impose reasonable restrictions on the
exercise of voir dire examination. These two rights coexist and must be
harmonized. McCarter v. State, 837 S.W.2d 117, 119-120 (Tex. Crim.
App. 1992).

 The courts have held that a one hour time limit imposed by the
trial court was unreasonable in a case involving murder and injury to a
child. Clemments v. State, 940 S.W.2d 208, 209-10 (Tex. App. ­ San
Antonio 1996, writ ref'd.). In the trial of the case before us, defense
counsel stated to the court that he would have liked to ask questions
about "driving while intoxicated and accidents; if any juror had been
involved in an accident, and to what extent; refusing a breath test; the
normal use of alcohol; and the field sobriety test."

 We first note that the State's counsel finished his examination
within the ten minute time limit. The record shows that some of
defense counsel's remarks to the jury were verbose and the judge
sustained one objection to defense voir dire as being in the nature of
final argument. However, the record also contains several pages of
individual, one-sentence questions and answers. 

 We are of the opinion that a ten minute time limit is unduly
restrictive in voir dire examination of a jury panel containing a minimum
of twelve persons.(2)
 We are also aware that the State had a witness list
of six people.

 In reply to this point of error, the State refers us to several cases. 
It cites Caldwell v. State, 818 S.W.2d 790, 793 (Tex. Crim. App. 1991)
where limitation of defense counsel to one hour for voir dire in a capital
murder case was held to be not an abuse of discretion. Caldwell held,
"it is well-settled that the trial judge's discretionary authority extends
to imposing reasonable limitations on the time for which counsel may
question the jury panel." Caldwell also held that the discretion of the
trial judge regarding control of the voir dire is not limitless, however;
thus, the benefits achieved by accelerating the often lengthy voir dire
process "must never be attained at the risk of denying to a party on trial
a substantial right."

 The State cites Whitaker v. State, 653 S.W.2d 781, 782 (Tex. Crim.
App. 1983) to say:

 A skilled lawyer can always find more questions that are
proper to ask prospective jurors. The fact that counsel can
think of one more proper question should not transform a
reasonable time limit to an unreasonable one.

 

Whitaker was a case involving delivery of methamphetamine where a
fifty minute time limit was imposed.

 Also cited by the state is Ratliff v. State, 690 S.W.2d 597 (Tex.
Crim. App. 1985). This case was cited to lay down guidelines with
which to judge whether defense counsel has used his time wisely. 
Even though Ratliff is cited by the State, we note that, in Ratliff, the
court of criminal appeals reversed the conviction, holding that
restriction of voir dire to one hour (plus fifteen minutes tacked on by the
trial court when it advised defense counsel that his time was up) was
unreasonable.

 We hold that the trial judge abused her discretion in limiting
appellant to ten minutes to conduct his voir dire examination in this
case and we REVERSE and REMAND the case for further proceedings.

 In view of this holding it is not necessary that we consider
appellant's other


point of error.

 

 NOAH KENNEDY

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this the 1st day of March, 2001.


 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. The record indicates that the procedure adopted here was to take
jurors from one large panel for two separate juries. The voir dire exam
was conducted in one session, with the attorneys in one case
beginning from the first jurors of the panel and the attorneys in the
other case beginning from the back of the panel.