NUMBER
13-01-203-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

DAN RODRIGUEZ,                                                                Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 138th District Court

                                 of
Cameron County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Dan Rodriguez, brings this appeal following his
conviction for capital murder and aggravated kidnapping.  By seven issues, appellant contends the State
committed improper jury argument, and, the trial court erred by: (1) denying
appellant=s motion for
continuance; (2) denying appellant=s request for
additional time during his voir dire; (3) giving an improper jury charge; (4)
allowing testimony of a fingerprint analysis; and (5) denying appellant=s challenges to
two jury members.  Appellant also
contends that the cumulative effect of all alleged errors denied his right to a
fair trial.  We affirm.

I.  Facts

On August 6, 1989, Jose Alberto Ramirez was abducted in front
of his home  by three men posing as
police officers.  Ramirez was never seen
or heard from again.  Following an
investigation, a warrant was issued for appellant.  The State contended that appellant was one of
the three men involved in the abduction and killing of Ramirez.  Appellant was eventually arrested in 1999 at
the Miami International Airport after arriving from Columbia.

Following a trial to the jury, appellant was convicted of two
counts of capital murder and two counts of aggravated kidnapping.  The trial court sentenced appellant to life
imprisonment on each count, the sentences to run concurrently, in the Texas
Department of Criminal JusticeBInstitutional
Division.  This appeal ensued. 

II.  Motion for Continuance

By his first issue, appellant contends the trial court erred by
denying one of his motions for continuance because he was having trouble making
travel arrangements for three alibi witnesses from Columbia.   We find it unnecessary to reach appellant=s contention
because error, if any, was waived.








To preserve error and challenge a trial court=s refusal of a
motion for continuance made because of an absent witness, an appellant must
file a sworn motion for new trial stating the testimony he expected to present
by the witness,  Ashcraft v. State,
900 S.W.2d 817, 834 (Tex. App.BCorpus Christi
1995, pet. ref=d), and must
show how the witness=s testimony
would have been material.  Gentry v.
State, 770 S.W.2d 780, 787 (Tex. Crim. App. 1988).  A mere recitation that the appellant expects
to prove certain things by the witness is not sufficient.  Id. at 788 (citing Parsons v. State,
160 Tex. Crim. 387, 271 S.W.2d 643 (1954)). 
Additionally, a showing under oath by means of an affidavit of the
missing witness or other source as to what the witness would testify must
accompany the motion for new trial.  Ashcraft,
900 S.W.2d at 834.

In this instance, appellant not only failed to file a sworn
motion for new trial providing detail as to what the witnesses would testify
to, but he also failed to file a sworn affidavit with his motion for new trial
giving detail as to what the witness would testify to.  Ashcraft, 900 S.W.2d at 834.  Thus, appellant failed to preserve
error.  Id.  Appellant=s first issue is overruled.

III.  Voir Dire

By his second issue, appellant contends the trial court erred
by limiting his voir dire to forty-five minutes.








The control of voir dire is within the sound discretion of the
trial court, and the court may impose reasonable restrictions on the manner in
which the voir dire is conducted.  See
McCarter v. State, 837 S.W.2d 117, 120 (Tex. Crim. App. 1992); Ratliff
v. State, 690 S.W.2d 597, 599 (Tex. Crim. App. 1985).  The discretionary authority extends to
imposing reasonable limits on the time allotted for counsel to question the
jury.  See Caldwell v. State, 818
S.W.2d 790, 793 (Tex. Crim. App. 1991), overruled on other grounds, Castillo
v. State, 913 S.W.2d 529, 533 (Tex. Crim. App. 1995); Menchaca v. State,
901 S.W.2d 640, 645 (Tex. App.BEl Paso 1995,
pet. ref=d).  In determining whether the trial court abused
its discretion by imposing a time limitation, we must consider whether: (1) the
complaining party attempted to prolong voir dire; (2) the questions that the
party was not permitted to ask were proper voir dire questions; and (3) if the
party was precluded from examining prospective jurors who actually served on
the jury.  See McCarter, 837
S.W.2d at 119; Ratliff, 690 S.W.2d at 599.  Every case must be examined on its own
facts.  Ratliff, 690 S.W.2d at
600.








In this instance, appellant filed a motion requesting a minimum
of three hours to conduct voir dire. 
During the pre-trial hearing, the trial court informed appellant that he
usually allowed a maximum of twenty-five minutes, but that because of the
circumstances he would allow appellant forty-five minutes for voir dire.  During voir dire, appellant=s counsel asked
questions and discussed a variety of topics with the jurors, including: prior
service; attitude toward service; contact with law enforcement; wrongful
accusation; belief that an arrest is not evidence of guilt; presumption of
innocence; burden of proof; and the nature of the case.  When the trial court informed appellant that
his forty-five minutes expired, appellant requested an additional hour of
time.  His request was denied.  Appellant then filed an eight page list of
questions he claimed he was unable to ask because of the time limitation.  Upon review of the list, we find the
questions concerned topics discussed during appellant=s forty-five
minute voir dire.[1]  Although appellant may have wanted to ask
additional questions, the fact that a skilled lawyer can think of additional
questions should not transform a reasonable time limit into an unreasonable
limitation.  See Whitaker v. State,
653 S.W.2d 781, 782 (Tex. Crim. App. 1983). 
Thus, because most of the additional questions he wanted to ask were
indeed asked during his original time period, we find that appellant was merely
trying to prolong the voir dire process. 
See McCarter, 837 S.W.2d at 119; Ratliff, 690 S.W.2d at
599.  We conclude the trial court, in
this instance, did not abuse its discretion in limiting the voir dire to
forty-five minutes.  See Thacker v.
State, 889 S.W.2d 380, 390-91 (Tex. App.BHouston [14th Dist.] 1994, no pet.) (if
party unnecessarily prolongs voir dire, trial court=s time limit is
not an abuse of discretion).  Appellant=s second issue
is overruled.

IV.  Improper Arguments

By his third issue, appellant generally contends the State made
improper jury arguments.








The State claims this issue is multifarious and, therefore, not
subject to review.  A multifarious issue
is one that embraces more than one specific ground.  Stults v. State, 23 S.W.3d 198, 205
(Tex. App.BHouston [14th
Dist.] 2000, pet. ref=d).  While we may disregard and refuse to review a
multifarious issue, we may also elect to consider it if we are able to
determine, with reasonable certainty, the alleged error about which the
complaint is made.  Id.

In this instance, appellant=s brief is not sufficiently
developed.  Appellant makes  bare assertions of improper conduct by the
State, followed by string cites to support the assertions.  However, not all of the assertions are
supported by relevant cites.  Appellant
then lists examples from the record where alleged errors occurred without any
corresponding argument or cases that relate to the record cites.  See Tex.
R. App. P. 38.1(h) (brief must contain clear and concise arguments for
contentions made, with appropriate citations to authorities and to record).  We will not make appellant=s arguments for
him and, thus, we hold this issue to be inadequately briefed.  See Tong v. State, 25 S.W.3d
707, 710 (Tex. Crim. App. 2000); Wyatt v. State, 23 S.W.3d 18, 23 n.5
(Tex. Crim. App. 2000).  Appellant=s third issue
is overruled.

V.  Jury Charge

By his fourth issue, appellant contends the trial court erred
by failing to include 

requested
instructions to the jury concerning impeachment by inconsistent statements and
prior criminal convictions of State=s witness,
Marvin Lee.








When a defendant impeaches a State=s witness, an
instruction limiting the jury=s consideration
of the impeaching testimony is unnecessary. 
See Nethery v. State, 692 S.W.2d 686, 705 (Tex. Crim. App. 1985);
Jones, 810 S.W.2d 824, 828 (Tex. App.BHouston [14th Dist.] 1991, no pet.).  Thus, because Lee was a State=s witness, and
he was impeached, an instruction was not necessary.  Appellant=s fourth issue is overruled.

VI.  Witness List

By his fifth issue, appellant contends the trial court erred in
allowing the State to introduce testimony of a witness not previously listed on
the State=s witness
list.  Specifically, appellant argues
that the State=s failure to
disclose its fingerprint expert entitles him to a new trial.  

Upon request by the defense, notice of the State=s witnesses
should be given.  Stoker v. State,
788 S.W.2d 1, 15 (Tex. Crim. App. 1989) (citing Young v. State, 547
S.W.2d 23, 27 (Tex. Crim. App. 1977)). 
If a witness whose name is not on a witness list furnished the defendant
is permitted to testify, the standard of review is whether the trial court
abused its discretion in allowing such witness to testify.  Irvine v. State, 857 S.W.2d 920, 926
(Tex. App.BHouston [1st
Dist.] 1993, pet. ref=d) (citing Stoker,
788 S.W.2d at 15).  In determining
whether the trial court abused its discretion, this Court should consider
whether: (1) the prosecutor acted in bad faith in failing to provide the
defense with the name of the witness; and (2) the defendant could reasonably
anticipate the witness would testify despite the State=s failure to
disclose the witness=s name.  See id. at 927.








In appellant=s opening
statement, he made clear that he would rely on an alibi/misidentification
defense.  As part of this strategy, appellant
denied that an identification card (ID) belonged to him, and claimed he was not
the person pictured on the ID.  Given this
trial strategy, appellant should have anticipated that a fingerprint examiner
would testify as a rebuttal witness regarding appellant=s fingerprint
found on the ID.  See id.  Moreover, there is no evidence in the record
of bad faith on part of the State.  See
id.  We find the trial court did not
abuse its discretion in allowing the testimony of the State=s fingerprint
examiner.  Appellant=s fifth issue
is overruled.

VII.  Challenges for Cause

By his sixth issue, appellant contends the trial court erred by
denying his challenges to two jurors for cause. 
However, appellant provides no authority in support of his argument that
the two jurors should have been excluded. 
In accordance with rule 38.1(h) of the Texas Rules of Appellate
Procedure, we will only consider contentions that are supported by clear and
concise arguments with appropriate citations to authorities.  Tex.
R. App. P. 38.1(h).  We find this
issue to be inadequately briefed.  See
Tong, 25 S.W.3d at 710.  Appellant=s sixth issue
is overruled.

VIII.  Cumulative Effect of Errors

By his seventh issue, appellant contends that the Acumulative
effect of all errors committed during trial@ entitle him to a new trial.  However, because we have found no errors,
this claim has no merit.  Cf. Feldman
v. State, 71 S.W.3d 738, 757 (Tex. Crim. App. 2002) (AA number of
errors may be found harmful in their cumulative effect.@).  Appellant=s sixth issue is overruled.

 








IX.  Conclusion

Accordingly, we affirm the judgment of the trial court.  

                                                                             

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed this 

19th day of December,
2002.

 











[1]We
note that the topic of pre-trial publicity was included in his list of
questions, however, the trial court addressed this topic during voir dire.