IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 2055-99






DANIEL RIOS, JR., Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY






 Price, J., filed a dissenting opinion.


O P I N I O N 




 More than three years after granting the State's petition for discretionary review,
this Court dismisses the case as improvidently granted even though at least one ground is
squarely presented. I would decide this ground and reverse the judgment of the Court of
Appeals. Because the majority chooses not to, I dissent.

 During jury selection in the appellant's trial, the trial judge imposed a 45-minute
time limit for questioning. The appellant reached the end of his time and still had questions
he wanted to ask the venire panel. The trial court forbade the appellant to continue. We
granted the State's petition in this case to decide whether the trial court erred in prohibiting
the appellant from continuing to ask questions, and if so, whether the Court of Appeals
applied the correct standard of harm. I would hold that the trial court did not err because
the appellant failed to present proper questions that he would have asked if given more
time.

I. Facts


 The appellant was indicted for aggravated robbery. Before jury selection began, the
trial court announced that the parties would be given 45 minutes each to ask questions of
the venire panel. When the venire members were brought into the court room, the trial
court explained the purpose of voir dire, introduced the lawyers, and explained the
procedure for jury selection. The judge gave instructions, asked preliminary questions, (1)
and then said:

 Typically at this point in time I go over a lot of preliminary areas of the law,
but I think today, because we are working towards the noon hour, what I will
do is go ahead and turn the floor over and give each of the lawyers 45 minutes
and then that way we can take a break hopefully by 12:30.

Then the trial court allowed the prosecutor to question the venire.

 The prosecutor explained various legal concepts to the venire members and then
questioned them about these concepts including the burden of proof, circumstantial
evidence, the law of parties, and the statutory minimum and maximum punishments. When
discussing the maximum and minimum punishments, the prosecutor explained that
aggravated robbery is a first degree felony. He said that the punishment range is 5 years'
community supervision or imprisonment up to life imprisonment and up to a $10,000 fine. 
When the prosecutor's 45-minute period had elapsed, the appellant began to question the
venire.

 Defense counsel explained and then asked questions about the burden of proof. He
asked if members of the venire had any negative feelings about lawyers and whether it
would bother them if the appellant's lawyers made objections on behalf of their client. He
asked about the presumption of innocence and fingerprints, specifically whether any
members of the venire had specific knowledge of or opinions about fingerprints. He asked
if any of the venire members had relatives or close friends in law enforcement and if
anyone had been or had a close friend or relative who had been a victim of or witness to a
violent crime.

 While asking the venire members whether anyone had jobs in which they go into the
homes of other people, the trial court announced that the appellant's time for questioning
was up. The appellant approached the bench and objected.

 Your Honor, at this time I'm on the third row, and I believe it's Juror No. 28. 
And I would ask for more time for the following reasons:


 There's still half of the jury panel that I have to question on jobs that involve
entry into homes. And this case involves entry into a home.


 Also, I have to ask the following question: Anti-crime organizations. I have
not gotten to that. And I also need some more time so that I could touch on
the punishment issue, Your Honor. And I would be asking people about
punishment and individual jurors as to what they would consider for
punishment, what they could, and then get their opinions, more specific
opinions than they have expressed about punishment.


 For that reason, I would request more time.

The trial court allowed the appellant to finish asking the question about entry into homes
but did not allow him to ask any other questions.

 While the appellant and the State were making their challenges for cause, the
appellant disagreed with excusing venire member number seven on the basis that he could
not consider the maximum punishment because he could have rehabilitated the venire
member if given more time. Also the appellant objected to not being given more time for
voir dire because he could have rehabilitated other venire members whom the State
successfully challenged for cause. When the appellant had exhausted his peremptory
challenges, the appellant requested, and was denied, two more.

 During the trial, the jury heard evidence that the victim's oldest child opened the
door of their home and two armed and masked men forced their way in. The two men tied
up the victim and the child who had opened the door. The men rummaged through the
victim's possessions in the home and fled when another child awoke and screamed. The
victim's car, pager, and jewelry were taken along with some cash. The police found the
appellant's fingerprints inside the house on a dining room closet door. The jury convicted
the appellant of aggravated robbery and assessed punishment at ten years' imprisonment,
which was probated, and a $10,000 fine.

 On direct appeal, the appellant complained that the trial court erred by preventing
him from asking the venire his additional questions. He argued that, because he still had
proper questions to ask the venire, the trial court should have permitted him to continue. 
The Court of Appeals agreed, and after applying the test in McCarter v. State, 837 S.W.2d
117 (Tex. Crim. App. 1992), it held that the trial court erred in failing to give the appellant
more time to ask proper questions. Rios v. State, 4 S.W.3d 400, 402 (Tex App.-- Houston
[1st Dist.] 1999). The Court of Appeals then turned to the question of harm. Citing
Gonzales v. State, 994 S.W.2d 170, 172 (Tex. Crim. App. 1999), and Rule of Appellate
Procedure 44.2(a), the Court of Appeals held that the trial court's error harmed the
appellant because it denied him the intelligent use of his peremptory challenges. Rios, 4
S.W.3d at 403. The Court reversed the appellant's conviction. (2) The State filed a petition
for discretionary review, (3) which we granted. The State claims that (1) the trial court did not
err, (2) the standard for the harm analysis for the improper denial of an appellant's request
to continue questioning the venire is Rule 44.2(b), and (3) the appellant was not harmed by
the trial court's denial of the appellant's request. (4)

II. Analysis


 Trial courts have broad discretion over the jury selection process in Texas. 
Caldwell v. State, 818 S.W.2d 790, 793 (Tex. Crim. App. 1991). The trial court does not
err in restricting voir dire unless it abuses its discretion. It is within the trial court's
discretion to prohibit improper questions and to place reasonable time limits on voir dire. 
Ibid.

 Jury selection and the laws governing it are designed to insure that the juries that
decide criminal cases in Texas are fair to both sides. Our paramount concern, we have said,
is the defendant's right to exercise peremptory challenges intelligently. "It is always
commendable for a trial court to dispatch business with promptness and expedition, but this
salutary result must never be attained at the risk of denying a party on trial a substantial
right." Smith v. State, 703 S.W.2d 641, 643 (Tex. Crim. App. 1985). We have also said
that it is improper for trial courts to impose restrictions on voir dire simply based on the
possibility that a question may lengthen the jury selection process. Woolridge v. State,
827 S.W.2d 900, 905-06 (Tex. Crim. App. 1992).

 The law creates a tension between the society's interest in fair juries and society's
interest in the efficient administration of justice. We seek to strike a just balance between
these interests. See McCarter v. State, 837 S.W.2d 117, 119-20 (Tex. Crim. App. 1992).

 To resolve the tension between the competing interests, we have developed a test to
determine whether the trial court has erred in preventing a party from asking questions after
the trial court's time limit has expired. We created a two-prong test in De la Rosa v. State,
414 S.W.2d 668, 671 (Tex. Crim. App. 1967), which we expanded to three prongs in Ratliff
v. State, 690 S.W.2d 597, 599 (Tex. Crim. App. 1985). If the defendant was not allowed to
ask a question of the entire venire, the reviewing court must decide (1) whether defense
counsel attempted to prolong voir dire by asking questions that were irrelevant, immaterial,
or unnecessarily repetitious and (2) whether the questions defense counsel was not allowed
to ask were proper voir dire questions. If the defendant was not allowed to ask a question
of a particular venire member, the reviewing court must also decide whether the actual jury
included people whom defense counsel was not permitted to question. See McCarter, 837
S.W.2d at 120. The determination is made on a case-by-case basis. Ratliff v. State, 690
S.W.2d 597, 601 (Tex. Crim. App. 1985). 

III. Application


 The Court of Appeals concluded that the appellant did not waste his time during the
45 minutes allotted by the trial court. Rios, 4 S.W.3d at 402. It also concluded that the
defense counsel's objection revealed that the questions he sought to ask were proper. Ibid. 
I agree with the Court of Appeals's first conclusion and disagree with the second. Because
the areas of inquiry that the appellant was prevented from inquiring about were to be posed
to the entire venire, we need not address the third prong of the test. McCarter, 837
S.W.2d at 120. 

A. Prolonging Voir Dire


 In Ratliff, we said that the defendant had not attempted to prolong voir dire because
"the questions he asked were relevant, material and necessary to help him intelligently
exercise his peremptory challenges and his challenges for cause. He did not spend an
inordinate amount of time lecturing the jury." Ratliff v. State, 690 S.W.2d at 601. In other
words, we look at whether defense counsel wasted time during the period allotted by the
trial court.

 In this case, defense counsel's questions during the 45-minute period were relevant,
and it did not appear that counsel was wasting time asking irrelevant questions or needlessly
lecturing the jury. This conclusion is true, in part, because the trial court did not go over
the basic legal principles, such as, the burden of proof and the presumption of innocence. I
agree with the Court of Appeals that the appellant has met the first prong of the test because
he was not wasting time during the period allotted by the trial court for individual voir dire.

B. Proper Questions


 I disagree with the Court of Appeals's conclusion that the appellant requested to ask
additional proper questions. The record does not reflect what proper questions he would
have asked if given more time. 

 Also, I have to ask the following question: Anti-crime organizations. I have
not gotten to that. And I also need some more time so that I could touch on
the punishment issue, Your Honor. And I would be asking people about
punishment and individual jurors as to what they would consider for
punishment, what they could, and then get their opinions, more specific
opinions than they have expressed about punishment.

There is not a proper question listed in defense counsel's objection that had not already
been asked.

 First, the appellant listed a topic he wanted to address. There are potentially proper
and improper questions that could be asked within the topic of anti-crime organizations. A
topic is not the same as a proper question. The form of a question may be improper even if
the topic is a legitimate and relevant area of inquiry. See Howard v. State, 941 S.W.2d
102, 110-11 (Tex. Crim. App. 1996). 

 Second, the appellant wanted to ask about punishment. He said he wanted to ask
what venire members would and could consider for punishment. The State had already
asked about whether the jury could consider the full punishment range for aggravated
robbery. It is within the trial court's discretion to not allow the parties to duplicate
questions during voir dire. Defense counsel also said that he wanted to get more specific
opinions about punishment. Once again, this is not a specific question. It is not clear what
defense counsel would have asked, and thus, the trial court could not have known whether it
was a proper question. 

 In this case, the trial court did not abuse its discretion in denying the appellant's
request to extend the period of questioning so that the appellant could ask questions about
anti-crime organizations and punishment issues. These comments were not specific
questions. (5)

C. Other Arguments


 Some might argue that the State Prosecuting Attorney's concession that the trial
court erred is binding on this Court. We have held, however, that this is not conclusive in
deciding an issue on appeal. Saldano v. State, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002)
("The considered judgment of the law enforcement officers that reversible error has been
committed is entitled to great weight, but our judicial obligations compel us to examine
independently the errors confessed"). We are required to conduct an independent review. 
And, according to the analysis above, I respectfully disagree with the State Prosecuting
Attorney's conclusion.

 Others might argue that a reversal of this conviction is required because the trial
court should have gone through the basic legal principles before the parties questioned the
venire. I agree that the trial court should have done this, but I disagree that this requires
reversal. Efficiency in trial proceedings is an admirable goal. Skipping basic principles so
that voir dire can be completed before lunch is not an appropriate way to go about achieving
that goal. This fact can be, and has been in this opinion, taken into account under the first
prong of the test: the appellant cannot be said to have been wasting time covering basic
principles when the trial court failed to cover them. But this is not the only prong of the
test, and the appellant failed to present proper questions that he would have asked if given
more time.

IV. Conclusion


 I would reverse the judgment of the Court of Appeals. Because the Court chooses
not to, I dissent.


Filed: December 17, 2003.

Publish.
1. The trial court asked the venire members if they all lived in Harris County, if anyone was
uncomfortable with the English language, and if anyone was under indictment or had been convicted of
an offense.
2. Three justices dissented to the denial of en banc review. Rios, 4 S.W.3d at 405 (Taft, J.,
dissenting).
3. The State Prosecuting Attorney and the District Attorney both filed petitions for discretionary
review. These petitions were filed before our decision in Ex parte Taylor, 36 S.W.3d 883 (Tex.
Crim. App. 2001), was handed down, in which we held that the State may file only one petition. Id. at
885. See Thomas v. State, 65 S.W.3d 38, 39 n.1 (Tex. Crim. App. 2001). In Thomas, we
considered both the S.P.A.'s and D.A.'s petitions for discretionary review when each petition was
granted before Taylor was decided.
4. The exact grounds of the District Attorney's PDR on which we granted review are:


 (1) The Court of Appeals erred in failing to give the proper deference to the discretion
of the trial court in conducting voir dire.


 2. The court of appeals erred in holding that imposing an improper restriction on voir
dire is constitutional error


 3. The court of appeals erred in summarily reversing the conviction without conducting
a meaningful harm analysis under rule 44.2(b) of the rules of appellate procedure.


 The exact grounds of the State Prosecuting Attorney's petion on which we granted review are:

 1. The court of appeals erred in holding that improper limitation of defense voir dire is
analyzed for harm under rule 44.2(a) of the texas rules of appellate procedure.


 2. The court of appeals erred in holding that the improper limitation of defense voir dire
in this case was harmful were the record does not show that the jury was not fair and
impartial.
5. Because of how I would resolve the State's first ground for review, I would not address the
State's second and third grounds for review regarding the Court of Appeals's harm analysis.