NO. 07-08-0277-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 28, 2009

_____

JIMMY JARRETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-08A-003; HONORABLE ROLAND SAUL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jimmy Jarrett, was convicted by a jury of felony driving while intoxicated,

enhanced,[1] and sentenced to confinement for eighty years. Appellant contends the trial

_____

[1]The indictment alleged two prior DWI convictions, making the primary offense a felony of the third degree. *See* Tex. Penal Code Ann. § 49.09(b)(2) (Vernon Supp. 2008). The indictment also alleged five prior felony convictions, making the offense punishable by imprisonment for any term of not more than 99 years or less than 25 years. *See* § 12.42(d).

court erred when it: 1) denied him the right to assistance of counsel by precluding counsel from questioning the jury panel concerning certain matters or issues; and 2) denied him the right to confront his accusers by permitting a witness for the State to testify to the contents of documents admitted into evidence.  We affirm.

## I.    *Voir Dire*

The constitutionally guaranteed right to assistance of counsel encompasses the right to question prospective jurors, during the jury selection process, as to any issue relevant to the intelligent and effective exercise of peremptory challenges and challenges for cause. *McCarter v. State,* 837 S.W.2d 117, 119 (Tex.Crim.App. 1992)*; Ratliff v. State,* 690 S.W.2d 597, 599 (Tex.Crim.App. 1985).  This right, however, must coexist and be harmonized with the trial court's interest in the efficient administration of justice through the imposition of reasonable restrictions on the *voir dire* process.  *Id.*

Appellant contends he was denied the right to assistance of counsel because the trial court precluded him from questioning prospective jurors on the issues of a defendant's right to remain silent, the presumption of innocence, and the State's burden of proof. Although Appellant attempts to frame this issue as a constitutional one based upon a deprivation of an accused's right to counsel, the gravamen of his complaint is that the trial court precluded counsel from fully questioning prospective jurors concerning how their verdict would be influenced if the defense "did nothing."  After exchanging a convoluted

dialog with several prospective jurors[2] concerning whether they could afford Appellant his full constitutional rights, Appellant's counsel moved to strike one juror, moved for a mistrial due to a "contaminated jury pool," and objected to the State's additional *voir dire* of one juror. Each request was denied by the trial court. At that point, the trial court stated, "All right. [Defense counsel] let's move on to something else." The trial court never precluded Appellant's counsel from asking any specific question or exploring any area of the law and counsel never made an objection based upon the trial court's preclusion of questioning as to any specific issue.

To preserve error on appeal, a party must make a timely, specific objection or motion to the trial court that states the grounds for the ruling sought with sufficient specificity and complies with the rules of evidence and procedure. *See* Tex. R. App. P. 33.1(a). If an argument is presented for the first time on appeal, it is waived. *Id. See Nelson v. State,* 661S.W.2d 122 (Tex.Crim.App. 1983) (trial court s failure to give clarifying instruction during *voir dire*).

Appellant's counsel neither made an objection premised on issue preclusion, submitted specific question(s) he was precluded from asking, nor filed a bill of exception. Accordingly, we overrule Appellant's first issue. *See Barrett v. State*, 516 S.W.2d 181, 182 (Tex.Crim.App. 1974). *See also Dhillon v. State*, 138 S.W.3d 583, 587-88 (Tex.App.–Houston [14th Dist.] 2004, no pet.).

---

[2]In his brief, Appellant indicates none of the prospective jurors ultimately sat on the jury.

## II.     Evidentiary Objection

Appellant contends the trial court abused its discretion by permitting Deputy Pat Hagemeier to testify on the State's behalf by reading from a document admitted into evidence during the punishment phase of Appellant's trial.[3]  Having reviewed the record,[4] we have determined Appellant's objections were made to Deputy Hagemeier's testimony related to the contents of State's Exhibit Number 11.[5]

The manner and means of the presentation of documentary evidence to a jury is best left to the sound discretion of a trial court.  *Wheatfall v. State*, 882 S.W.2d 829, 838 (Tex.Crim.App. 1994) (en banc), *cert. denied*, 513 U.S. 1086, 115 S.Ct. 742, 130 L.Ed.2d 644 (1995).  Upon careful review of the record, we do not believe the trial court abused its discretion in permitting Deputy Hagemeier to read portions of the admitted exhibit into evidence.  *Id*. at 837-38.  Appellant's second issue is overruled.

---

[3]Again, although Appellant's counsel attempts to frame this issue as a constitutional one based upon a deprivation of an accused's right of confrontation under the Texas Constitution, there is no evidence that Appellant was not permitted to cross examine Deputy Hagemeier.  In fact, the only evidence in the record indicates Appellant was permitted to *voir dire* the witness and conduct cross examination.

[4]Appellant's citations to the record are to the testimony of Officer Adan Aleman, Deaf Smith County Sheriff's Office.  Officer Aleman participated in Appellant's arrest for driving while intoxicated.  The testimony cited by Appellant contained no objections to any testimony by Officer Aleman.

[5]State's Exhibit Number 11 was admitted as a public document including the following: (1) a complaint sworn by County Attorney Charles F. Aycock against Jimmy Jarrett alleging that, on February, 17, 1996, he was driving while intoxicated; (2) a bench warrant for Jimmy Jarrett's arrest issued by Bonnie J. Clayton, County Judge, Parmer County, signed February 20, 1996; (3) a warrant of arrest issued by Judge Clayton on February 20, 1996; (4) a waiver of rights executed by Jimmy Jarrett in *The State of Texas v. Jimmy Jarrett*, Cause No. 7487; and (5) a Judgment issued in Cause No. 7487 executed by Judge Clayton indicating Appellant pled guilty to his second offense for driving while intoxicated. Each document was certified as a true and correct copy of an original on file in the Parmer County Clerk's office.

## Conclusion

_____The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5