NO. 07-08-0277-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 28, 2009

______________________________


JIMMY JARRETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-08A-003; HONORABLE ROLAND SAUL, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, Jimmy Jarrett, was convicted by a jury of felony driving while intoxicated,
enhanced,


 and sentenced to confinement for eighty years. Appellant contends the trial
court erred when it: 1) denied him the right to assistance of counsel by precluding counsel
from questioning the jury panel concerning certain matters or issues; and 2) denied him the
right to confront his accusers by permitting a witness for the State to testify to the contents
of documents admitted into evidence. We affirm.
          I.        Voir Dire
          The constitutionally guaranteed right to assistance of counsel encompasses the
right to question prospective jurors, during the jury selection process, as to any issue
relevant to the intelligent and effective exercise of peremptory challenges and challenges
for cause. McCarter v. State, 837 S.W.2d 117, 119 (Tex.Crim.App. 1992); Ratliff v. State, 
690 S.W.2d 597, 599 (Tex.Crim.App. 1985). This right, however, must coexist and be
harmonized with the trial court’s interest in the efficient administration of justice through the
imposition of reasonable restrictions on the voir dire process. Id.
          Appellant contends he was denied the right to assistance of counsel because the
trial court precluded him from questioning prospective jurors on the issues of a defendant’s
right to remain silent, the presumption of innocence, and the State’s burden of proof. 
Although Appellant attempts to frame this issue as a constitutional one based upon a
deprivation of an accused’s right to counsel, the gravamen of his complaint is that the trial
court precluded counsel from fully questioning prospective jurors concerning how their
verdict would be influenced if the defense “did nothing.” After exchanging a convoluted
dialog with several prospective jurors


 concerning whether they could afford Appellant his
full constitutional rights, Appellant’s counsel moved to strike one juror, moved for a mistrial
due to a “contaminated jury pool,” and objected to the State’s additional voir dire of one
juror. Each request was denied by the trial court. At that point, the trial court stated, “All
right. [Defense counsel] let’s move on to something else.” The trial court never precluded
Appellant’s counsel from asking any specific question or exploring any area of the law and
counsel never made an objection based upon the trial court’s preclusion of questioning as
to any specific issue. 
          To preserve error on appeal, a party must make a timely, specific objection or
motion to the trial court that states the grounds for the ruling sought with sufficient
specificity and complies with the rules of evidence and procedure. See Tex. R. App. P.
33.1(a). If an argument is presented for the first time on appeal, it is waived. Id. See
Nelson v. State, 661S.W.2d 122 (Tex.Crim.App. 1983) (trial court s failure to give clarifying
instruction during voir dire).
          Appellant’s counsel neither made an objection premised on issue preclusion, 
submitted specific question(s) he was precluded from asking, nor filed a bill of exception. 
Accordingly, we overrule Appellant’s first issue. See Barrett v. State, 516 S.W.2d 181, 182
(Tex.Crim.App. 1974). See also Dhillon v. State, 138 S.W.3d 583, 587-88
(Tex.App.–Houston [14th Dist.] 2004, no pet.). 
          II.       Evidentiary Objection
          Appellant contends the trial court abused its discretion by permitting Deputy Pat
Hagemeier to testify on the State’s behalf by reading from a document admitted into
evidence during the punishment phase of Appellant’s trial.


 Having reviewed the record,



we have determined Appellant’s objections were made to Deputy Hagemeier’s testimony
related to the contents of State’s Exhibit Number 11.



          The manner and means of the presentation of documentary evidence to a jury is
best left to the sound discretion of a trial court. Wheatfall v. State, 882 S.W.2d 829, 838
(Tex.Crim.App. 1994) (en banc), cert. denied, 513 U.S. 1086, 115 S.Ct. 742, 130 L.Ed.2d
644 (1995). Upon careful review of the record, we do not believe the trial court abused its
discretion in permitting Deputy Hagemeier to read portions of the admitted exhibit into
evidence. Id. at 837-38. Appellant’s second issue is overruled. 
Conclusion
          The trial court’s judgment is affirmed.


                                                                           Patrick A. Pirtle 

                                                                                  Justice 

     



Do not publish.