Affirmed and Memorandum Opinion filed April 19, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00480-CR

NO. 14-10-00481-CR

___________________

 

Anthony Onibokun, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 230th District Court

Harris County,
Texas



Trial Court Cause Nos. 1230335 & 1230336

 



 

 

MEMORANDUM OPINION

A jury
convicted appellant of aggravated robbery and aggravated assault on a police
officer and sentenced him to confinement for thirty years in the Institutional
Division of the Texas Department of Criminal Justice in each cause, to run
concurrently.  Appellant filed a timely notice of appeal in both cases.  We
affirm.

In his sole issue,
appellant claims the trial court abused its discretion when it refused to allow
questioning of the venire on his mental deficiencies[1] and whether he was
capable of possessing the requisite mental state.  Appellant asserts he was
thereby deprived of his right to effectively exercise his peremptory
challenges.  The record reflects the following occurred during voir dire:

[Defense counsel]:  Does anybody on row number one have any
family members or loved ones that have either like a mental handicap or a
learning disability?

VENIREPERSON: I have a nephew that has Down Syndrome.

[Defense counsel]:  Down Syndrome.

VENIREPERSON: I have a retarded cousin and a brother-in-law
who is retarded.

[Defense counsel]:  Yes, ma’am – yes, sir.

VENIREPERSON:  ADD.

[Defense counsel]:  ADD.  Okay.  So, ADD is a learning
disability, right.

VENIREPERSON:  Right.  

[Defense counsel]:  Is there medication for that.

VENIREPERSON:  Yes, sir, there is.

VENIREPERSON:  It’s not always necessary.  It depends on
the diagnosis.

[Defense counsel]:  Sometimes.

VENIREPERSON:  Depends.

[Defense counsel]:  And you’re a schoolteacher, right.

VENIREPERSON:  Yes.

[Defense counsel]:  You have seen kids with ADD?

VENIREPERSON:  Yes, I have.  A lot of special ed.

[Defense counsel]:  There’s special ed children, children
that have been to – if somebody has a learning disability or has maybe some
type of mental retardation, should they be given different consideration than a
normal person?

VENIREPERSON:  Well, yeah, you know, their social
behavior.  It’s different.  It’s all different levels.

[Defense counsel]:  Anybody on the first row that thinks
they should be given some type of maybe consideration over a normal person?

VENIREPERSON:  For ADD –

[The State]: Objection, Judge, to the that question –

VENIREPERSON:  Talking about ADD –

[Defense counsel]:  Are you saying mental –

THE COURT: Approach the bench, please.

(At the Bench, off the record)

(Open court, defendant and jury panel present)

[Defense counsel]:  There are two parts to any crime. 
There’s the guilty mind to do the crime and then the guilty act to commit the
crime.  And what if somebody has a minor retardation, they have a guilty mind
to commit the act, still should they – 

[The State]: Your Honor, objection.  There’s been no motion
as to mental illness.

THE COURT: Sustained as to the form of the question.

[Defense counsel]:  Does anyone here think that a person
that has mental retardation or a learning disability may not have the guilty
mind to commit the guilty act in the crime?

[The State]: Objection -- 

THE COURT: Sustained.

Counsel proceeded to end
his voir dire.  

In his brief, appellant complains
of the trial court’s rulings on the last two questions set forth above.  Appellant
asserts the only issue at trial focused on whether he possessed the requisite
intent to commit the offense and whether the jury could consider his mental
disabilities was of paramount importance for the guilt/innocence phase of trial.  Appellant argues the questions properly sought to
discover the jurors’ views on that issue.

The propriety of a
particular question is left to the trial court’s discretion.  Allridge v.
State, 762 S.W.2d 146, 167 (Tex. Crim. App. 1988).  We will not disturb the
trial court’s ruling on a particular question absent an abuse of discretion.  Id. 
A trial court abuses its discretion when its denial of the right to ask a
proper question prevents determination of whether grounds exist to challenge for cause or denies
intelligent use of peremptory challenges. 
Mason v. State, 116 S.W.3d 248, 253 (Tex. App. -- Houston [14th Dist.]
2003, pet. ref'd).  Subject to the trial
court’s reasonable time limits, questions that are not clearly improper on some
other basis may be asked to intelligently exercise peremptory challenges.  See
Ratliff v. State, 690 S.W.2d 597, 600 (Tex. Crim. App. 1985).  An otherwise
proper question is impermissible, however, if it attempts to commit the juror
to a particular verdict based on particular facts.  See Wingo v. State,
189 S.W.3d 270, 271 (Tex. Crim. App. 2006); Woods v. State, 152 S.W.3d
105, 108 (Tex. Crim. App. 2004); and Barajas v. State, 93 S.W.3d 36, 38
(Tex. Crim. App. 2002).  Cf. Davis v. State, No. PD-1400-10, 2011
WL 1135373, at * 2 (Tex. Crim. App. 2011) (question on what factors the venire
believed to be important in assessing the sentence in a case of aggravated
robbery with a deadly weapon was not an improper commitment question). 

“[Q]uestions that are
not intended to discover bias against the law or prejudice for or against the
defendant, but rather seek only to determine how jurors would respond to the
anticipated evidence and commit them to a specific verdict based on that
evidence, are not proper.”  Sanchez v. State, 165 S.W.3d 707, 712 (Tex.
Crim. App. 2005).  Such questions require a juror to promise that he will base
his verdict on some specific fact before he has heard any evidence.  Id. 
Unless the law requires such a commitment, this prejudgment of the value and
importance of certain evidence is not permissible.  Id.  “[W]hen the law
does not require the commitment, such that a juror would not be disqualified
for cause by being influenced by a particular fact,” the commitment question is
improper.  Id.

In the case at bar, jurors were asked to answer
whether they would resolve an issue in the case (requisite intent) based upon a
fact in the case (appellant’s alleged mental deficiencies).  The law does not
require a commitment the juror will find a defendant with mental deficiencies
did not possess intent to commit the offense.  As the Texas Court of Criminal
Appeals noted in Wingo, questions seeking to commit jurors to convict on
the evidence of a lone witness, to convict on circumstantial evidence, or to
recommend probation even though the victim is a nun, were improper because no
law requires a juror to do those things.  Wingo, 189 S.W.3d at 271.  

Here, the questions sought to determine how jurors
would respond to evidence appellant was mentally deficient and commit them to a
specific verdict based on that verdict.  Because the law requires no such
commitment, the questions were improper.  See Sanchez, 165 S.W.3d at
712.  See also Standefer v. State, 59 S.W.3d 177, 181 (Tex. Crim. App.
2001); Wingo, 189 S.W.3d at 271.  We therefore find the trial court did
not abuse its discretion in sustaining the State’s objections.  

Appellant’s issue is
overruled and the judgment of the trial court is affirmed.

                                                                       

                                                                                    

                                                                        /s/        Martha
H. Jamison

                                                                                    Justice

 

Panel consists of Justices
Brown, Boyce, and Jamison.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Because this is the term
repeatedly used in appellant’s brief, we use it in this opinion.