**Larry Keith ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69211.**

Court of Criminal Appeals of Texas, En Banc.

April 16, 1986.

Allan K. Butcher, J.R. Molina, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, David Chapman and Larry M. Moore, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for capital murder. V.T.C.A. Penal Code, Sec. 19.03(a)(2). After finding appellant guilty, the jury returned affirmative findings to the special issues under Art. 37.071(b), V.A.C.C.P. Punishment was assessed at death.

Appellant does not contest the sufficiency of the evidence.

Appellant relied on the defense of insanity. In his thirteenth ground of error, appellant contends that the trial court erred by sustaining the State's objection to a question appellant sought to ask venireman Eula Winslett. The question was: "In any case where a Defendant raises the issue of insanity, would you hold it against him because of your feelings on the issue of insanity as an affirmative defense?"

The prosecutor had explained the insanity defense and the defendant's burden of proving by a preponderance of the evidence his insanity at the time of the conduct charged. The prosecutor then questioned the venireman about her feelings concerning the defense of insanity. The venireman responded, "I don't understand how anyone could claim that they were insane at the time and they are not insane now." The prosecutor discussed the preponderance burden further with the venireman. The venireman was then asked twice whether, if appellant satisfied his burden of proof, she could give him the benefit of "that law" and find him not guilty by reason of insanity. She answered first, "I don't know whether I could or not." On further questioning she answered, "If I was completely satisfied, I could."

When the venireman was passed to the defense, counsel questioned her further concerning the insanity defense and the concept of preponderance of the evidence. The following then took place:

"Q. ... Do you have a bias or prejudice against the law of insanity as an affirmative defense in a criminal case?

"A. Yes, I think I do.

"Q. And because of your thinking, in any criminal case in which a person accused raises that issue, do you have a bias or a prejudice against that accused?

"[PROSECUTOR]. I will object to that, unless he also includes in it, where the defense is proved by a preponderance of the evidence that the defense exists.

"THE COURT: That last question is repetitious. I'll sustain it."

Defense counsel objected to the Court's ruling, and stated that the second question "wasn't the same question." Counsel nevertheless withdrew the second question and challenged for cause. The trial court allowed the State to take the venireman on voir dire again, and ultimately overruled the defense challenge for cause. The venireman was again passed to the defense. The following then took place:

"Q. ... In any case where a Defendant raises the issue of insanity, would you hold it against him because of your feelings on the issue of insanity as an affirmative defense?

"[SECOND PROSECUTOR]: Your Honor, I'll object to that as being repetitious.

"THE COURT: Sustained. We are not going to get in a Ping-Pong match here. We have settled your challenge for cause and I overruled you, and you have your bill in the record.

"[SECOND DEFENSE COUNSEL]: Note our exception to the Court's ruling, as not being allowed to ask this question to the venireman in order that we may properly exercise a peremptory challenge.

"THE COURT: Overruled."

In *Mathis v. State*, 576 S.W.2d 835, 836–37 (Tex.Cr.App.1979) this Court wrote:

"The right to be represented by counsel, guaranteed by Article 1, Section 10 of the Texas Constitution, encompasses the right of counsel to question the members of the jury panel in order to intelligently exercise his peremptory challenges. [citations omitted.] The trial court, in its sound discretion, can and should control the voir dire examination of the venire; however, the permissible areas of questioning the panel in order to exercise peremptory challenges are broad and cannot be unnecessarily limited. [citation omitted.]

"... When the contention is that the trial court erred in denying a challenge for cause, no reversible error is shown unless the defendant exhausted his peremptory challenges and one or more objectionable juror sat on the jury. However, when the question is asked for the purpose of exercising peremptory challenges, the test for injury is entirely different. If the question is proper, an answer denied prevents intelligent use of the peremptory challenge and harm is shown. [citation omitted.]"

The State argues that the question was repetitious, reasoning as follows:

"This Court recently stated that two basic principles—the right of counsel to question venire members and the right of the trial court to control the voir dire examination and impose reasonable restrictions—'co-exist and must be harmonized.' [citing *Ratliff v. State*, 690 S.W.2d 597 (Tex.Cr.App.1985).] Among those reasonable restrictions is the trial court's right to prevent repetitious questions. [citing *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974), and *McManus v. State*, 591 S.W.2d 505 (Tex.Cr.App.1979).]

"Here, the juror had already acknowledged that she was prejudiced against the insanity defense but would nonetheless follow the law—even if it meant a finding of not guilty in favor of a defendant who invoked the defense. As a con-

sequence, there was 'no injection of new matter or expansion upon old' in Appellant's question. *Smith*, supra, at 827. The holding in *Mathis v. State*, [supra], is therefore inapplicable. It follows that the trial court did not abuse his discretion by refusing to allow Appellant to seek from [the venireman] the same information she had already provided."

This argument seeks to assimilate the question "How do you feel about a person who invokes the insanity defense?" to "How do you feel about the insanity defense?" The questions are distinct.

To see the difference in the point of the former question, suppose that this venireman sits on a jury which rejects a defendant's insanity defense. Would this venireman begrudge the defendant his attempt at an insanity defense because he availed himself of a law she looks upon with disfavor? In other words, how would the venireman feel, after rejecting his insanity defense, about the defendant who has put that defense before her? Would she "hold [his use of the *defense*] against *him*"? At the point the jury rejects the insanity defense, the venireman's feelings about the "law of insanity" drop out of consideration, except to the extent that she bears ill-will against the defendant for his use of the defense. It is this factor that counsel's question seems aimed at discovering.

The closest analogy we have found is *Mathis v. State*, 167 Tex.Cr.R. 627, 322 S.W.2d 629 (Tex.Cr.App.1959), a conviction for possession of liquor in a dry area for purpose of sale. Defendant relied on the defense of possession for personal use. Defense counsel sought to ask the venire "whether or not any member thereof felt it morally wrong for a person to have in his possession an alcoholic beverage for his own use." The State's objection that the question was improper was sustained. In reversing the conviction, this Court wrote:

"It must be remembered that it was [defendant's] sole defense that he possessed the liquor for his own use, which the law authorized him to do. Upon its face, the question sought to be asked the jurors

was pertinent to the appellant's defense."

We emphasize that the analogy with the instant case is not precise. Nevertheless, counsel in *Mathis* also sought to know, not the venire's feeling about the law on which defendant was entitled to rely, but their feeling about the defendant who would rely on such a law.

Appellant exercised a peremptory challenge against this venireman. At the conclusion of jury selection appellant had exhausted all of his peremptory challenges. Appellant requested an additional challenge, which request the trial court denied.

Counsel's question in the instant case was a proper one, and was not repetitious. The trial court abused its discretion in sustaining the State's objection to the question. The judgment is reversed and the cause is remanded.

WHITE, J., concurs in result.

ONION, P.J., and W.C. DAVIS and McCORMICK, JJ., dissent.