OPINION
 

 CHAPA, Chief Justice.
 

 On March 25, 1993, after twenty-five days of treatment in the pediatric intensive care unit at Santa Rosa Hospital, appellant’s four month old son died. The cause of death was determined to be a series of massive head traumas, induced by either sharp blows to the head or violent shaking. A grand jury returned an indictment against appellant for murder and injury to a child. Following
 
 *209
 
 appellant’s not guilty plea, the case was tried to a jury. The jury acquitted appellant of murder, but found her guilty of injury to a child. Punishment was assessed by the jury at forty years confinement.
 

 In one of nine points of error, appellant contends that the trial court abused its discretion in limiting voir dire to such an extent that she was prevented from individually questioning several venire members who were eventually seated on the jury. Prior to trial, the trial court notified both the state and appellant that each side would be limited to one hour in which to conduct voir dire. Appellant objected prior to trial by a written motion to submit an additional questionnaire to the jury panel and by an oral motion immediately preceding voir dire. Both motions were denied.
 

 During voir dire, appellant and the state each conducted a thirty minute general examination of the entire jury panel. Therefore, when appellant began questioning veni-re members individually, she had thirty minutes remaining. When the trial court notified appellant that she had two minutes remaining in which to complete her voir dire, she had questioned twenty of the sixty venire members on the panel. Appellant objected to the time limit, stating that she could not discover whether the unquestioned venire members could be challenged for cause and she could not intelligently exercise her peremptory challenges in the two minutes remaining. The trial court overruled appellant’s objection. Appellant was able to question four additional venire members in her final two minutes of voir dire; however, thirty-six venire members were not individually questioned by appellant. Four of these unquestioned venire members were seated as jurors.
 

 The control of voir dire rests largely within the discretion of the trial court.
 
 Boyd v. State,
 
 811 S.W.2d 105, 115 (Tex.Crim.App.1991). While a defendant enjoys the right to question a panel of potential jurors freely, the trial court’s discretion extends to imposing reasonable restrictions on the amount of time allotted for such questioning.
 
 Id.
 
 The appropriate standard by which to review a restriction of voir dire is abuse of discretion.
 
 Id.; Smith v.State,
 
 703 S.W.2d 641, 643 (Tex.Crim.App.1985).
 
 In Ratliff v. State,
 
 690 S.W.2d 597 (Tex.Crim.App.1985), the court of criminal appeals established a three-part test for use in considering whether a trial court abused its discretion in imposing time limits on voir dire. In order to establish abuse of discretion, an appellant must demonstrate (1) that he did not attempt to prolong the voir dire; (2) that he was not permitted to ask proper and relevant voir dire questions because of the time limitation; and (3) that he was not permitted to examine prospective jurors who actually served on the jury.
 
 Ratliff v. State.
 
 690 S.W.2d at 599-600.
 

 Applying the law to these facts with respect to the first prong of the
 
 Ratliff
 
 test, we find nothing in the record which tends
 
 to
 
 convince us that appellant attempted to improperly prolong voir dire. We note that any proper question has the potential of lengthening voir dire.
 
 Woolridge v. State,
 
 827 S.W.2d 900, 905 (Tex.Crim.App.1992). However, where a question is relevant to the case and has not been previously asked and answered, it can not be said that the question is being used to prolong voir dire. The record reflects that appellant’s questioning of individual venire members was succinct and efficient, and the state offered no objections indicating that appellant’s questions were either dilatory or repetitious. Accordingly, we find that appellant has satisfied the first prong of the
 
 Ratliff
 
 test.
 
 See McCarter v. State,
 
 837 S.W.2d 117, 121 (Tex.Crim.App.1992).
 

 Next, we turn our attention to whether appellant was prevented from proffering proper questions concerning appropriate areas of inquiry. In order to make this determination, it is essential that the record reflect what questions the complaining party was prevented from asking.
 
 Cockrum v. State,
 
 758 S.W.2d 577, 584-85 (Tex.Crim.App.1988), ce
 
 rt. denied,
 
 489 U.S. 1072, 109 S.Ct. 1358, 103 L.Ed.2d 825 (1989). The record before us appropriately reflects the questions appellant was not able to ask each individual venire member. When the trial court notified appellant that she had two minutes re
 
 *210
 
 maining in which to complete voir dire, her attorney objected, stating:
 

 Your honor, I just completed my individual voir dire of the jury panel. She’s number 20. There are approximately 40 people left on this panel that I need to ask questions of. The court has limited me to two minutes to ask those questions.... Now, of those people I have specific questions.... One, find out if any can be challenged for cause. Secondly, in order to intelligently exercise my peremptory strikes I need to ask them, each one of these potential jurors, if they can consider five years probation for the offense.of murder. I need to ask if they can consider that and the full range of punishment for both murder and injury to a child. I need to ask them if they can consider, if the facts would warrant it, if they could consider returning a verdict of criminally negligent homicide or if the facts were to warrant it, involuntary manslaughter. I need to ask questions, specific questions concerning whether or not they could disregard a confession even though they believed it to be true if it was found to be involuntary. I need to ask the specific jurors whether or not they are members of SOCAN, S-O-C-A-N, an organization, as well as participants or members in other child abuse type organizations. I need to ask specific jurors that are named whether or not they served on the grand jury. And I need to ask them as potential jurors, quite a number of them, if they or any member of their family were victims of child abuse. I need to ask those specific questions of those specific potential jurors in this case. I cannot do that in two minutes.
 

 A voir dire question is proper if its purpose is to discover a venire member’s view on an issue applicable to the case.
 
 Ex parte McKay,
 
 819 S.W.2d 478, 482 (Tex.Crim.App.1990). Voir dire is intended to expose bias or prejudice which might prevent full and fair consideration of the evidence to be presented at trial. Therefore, if a question is proper, the denial of an answer prevents the intelligent exercise of peremptory challenges and harm is shown.
 
 Powell v. State,
 
 631 S.W.2d 169, 170 (Tex.Crim.App.1982).
 

 All of the questions sought to be asked by appellant’s attorney were relevant to issues involved in the case. Specifically, appellant sought to inquire about whether each individual venire member could consider the full range of punishment, whether he could consider lesser included offenses, whether he could disregard a confession if it was found to be given involuntarily, whether he served on the grand jury, and whether he or any member of his family was a victim of child abuse or a member of a child abuse prevention organization. While appellant did question the entire panel generally regarding whether they could consider the appropriate range of punishment, lesser included offenses, and a confession determined to be given involuntarily, appellant was not permitted to question the venire members regarding their experiences as victims of child abuse or with child abuse organizations.
 

 We find the information to be gleaned from such questions fundamental to the issues involved in this case. Appellant was charged with injuring and killing her child. As such, child abuse was not only relevant to the case, but was the thematic issue facing the jury. Appellant was entitled to know whether any potential juror was or had been either a victim of child abuse or actively involved in the prevention of child abuse. Without such knowledge, appellant could not intelligently exercise her peremptory challenges. Because appellant has demonstrated that she was prevented from proffering relevant questions to individual jurors by reason of the trial court’s time limitation, she has satisfied the second prong of the
 
 Ratliff
 
 test.
 
 See Smith,
 
 703 S.W.2d at 644-45.
 

 Appellant has also satisfied the third prong of the
 
 Ratliff
 
 test. Appellant questioned twenty-four venire members individually. The record reflects that, of those twenty-four, only eight were seated as jurors. As such, four venire members who actually sat as jurors were not individually examined by appellant.
 

 We recognize that time constraints and the control of voir dire are legitimate concerns of the trial court; however,
 
 *211
 
 the voir dire process is designed to insure that, to the greatest extent possible, a fair and impartial jury is seated. As such, the predominant interest of the trial court should be to protect the right of each party to the intelligent exercise of peremptory challenges.
 
 See De La Rosa v. State,
 
 414 S.W.2d 668, 672 (Tex.Crim.App.1967) (stating that “[i]t is always commendable for a trial court to dispatch business with promptness and expedition, but this salutary result must never be attained at the risk of denying to a party on trial a substantial right.”). An automatic and rigid time limit on the voir dire process threatens such interest.
 
 See Thomas v. State,
 
 658 S.W.2d 175, 176 (Tex.Crim.App.1988). Each case must be examined on its own facts; a reasonable time limit for one case may not be reasonable for another.
 
 Ratliff,
 
 690 S.W.2d at 600. If a trial court must impose time limitations prior to voir dire, error occurs only where those time limitations become inflexible. A trial court must grant additional time where a legitimate request, based on a showing of a need to proffer material and necessary questions, has been made.
 

 Having found that appellant did not improperly attempt to prolong voir dire, that the questions she was prevented from asking were material and relevant to the issues in the trial, and that appellant was prevented from asking such questions to jurors who actually served on the jury, we conclude that the trial court abused its discretion in limiting appellant’s voir dire to one hour. Such an abuse of discretion is not subject to a harm analysis.
 
 McCarter,
 
 837 S.W.2d at 122. Appellant’s seeond point of error is sustained.
 

 Having found reversible error, it is not necessary to address appellant’s remaining points of error. The judgment is reversed and the same is remanded to the trial court for further proceedings.