**Daniel RIOS, Jr., Appellant,**

v.

**The STATE of Texas.**

**No. 2055–99.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 17, 2003.

Tony Aninao, Houston, for Appellant.

Alan Curry, Assistant District Attorney, Houston, Betty Marshall, Assistant State Attorney, Matthew Paul, State's Attorney, Austin, for State.

PER CURIAM.

The appellant was convicted of aggravated robbery and sentenced to ten years' imprisonment, probated, and a $10,000 fine. During jury selection, the trial court limited each side to 45 minutes for voir dire. On appeal, the appellant argued that the trial court erred by preventing him

---

967, 119 S.Ct. 414, 142 L.Ed.2d 336 (1998).

from asking additional questions after his allotted time expired. The court of appeals held that the trial court erred and that the error harmed the appellant, and reversed the conviction. *Rios v. State*, 4 S.W.3d 400, 402–03 (Tex.App.—Houston [1st Dist.] 1999). We granted the State's petition for discretionary review to determine whether the court of appeals erred in its holdings.

After reviewing the parties' briefs and the relevant portions of the record, we conclude that our decision to grant the State's petition for discretionary review was improvident. Therefore, the State's petition is dismissed.

KELLER, P.J., dissented.

PRICE, J., filed a dissenting opinion.

COCHRAN, J., filed a dissenting opinion.

PRICE, J., dissenting.

More than three years after granting the State's petition for discretionary review, this Court dismisses the case as improvidently granted even though at least one ground is squarely presented. I would decide this ground and reverse the judgment of the Court of Appeals. Because the majority chooses not to, I dissent.

During jury selection in the appellant's trial, the trial judge imposed a 45–minute time limit for questioning. The appellant reached the end of his time and still had questions he wanted to ask the venire panel. The trial court forbade the appellant to continue. We granted the State's petition in this case to decide whether the trial court erred in prohibiting the appellant from continuing to ask questions, and if so,

whether the Court of Appeals applied the correct standard of harm. I would hold that the trial court did not err because the appellant failed to present proper questions that he would have asked if given more time.

## I. Facts

The appellant was indicted for aggravated robbery. Before jury selection began, the trial court announced that the parties would be given 45 minutes each to ask questions of the venire panel. When the venire members were brought into the court room, the trial court explained the purpose of voir dire, introduced the lawyers, and explained the procedure for jury selection. The judge gave instructions, asked preliminary questions,[1] and then said:

> Typically at this point in time I go over a lot of preliminary areas of the law, but I think today, because we are working towards the noon hour, what I will do is go ahead and turn the floor over and give each of the lawyers 45 minutes and then that way we can take a break hopefully by 12:30.

Then the trial court allowed the prosecutor to question the venire.

The prosecutor explained various legal concepts to the venire members and then questioned them about these concepts including the burden of proof, circumstantial evidence, the law of parties, and the statutory minimum and maximum punishments. When discussing the maximum and minimum punishments, the prosecutor explained that aggravated robbery is a first degree felony. He said that the punishment range is 5 years' community supervision or imprisonment up to life imprison-

---

**1.** The trial court asked the venire members if they all lived in Harris County, if anyone was uncomfortable with the English language, and if anyone was under indictment or had been convicted of an offense.

ment and up to a $10,000 fine. When the prosecutor's 45–minute period had elapsed, the appellant began to question the venire.

Defense counsel explained and then asked questions about the burden of proof. He asked if members of the venire had any negative feelings about lawyers and whether it would bother them if the appellant's lawyers made objections on behalf of their client. He asked about the presumption of innocence and fingerprints, specifically whether any members of the venire had specific knowledge of or opinions about fingerprints. He asked if any of the venire members had relatives or close friends in law enforcement and if anyone had been or had a close friend or relative who had been a victim of or witness to a violent crime.

While asking the venire members whether anyone had jobs in which they go into the homes of other people, the trial court announced that the appellant's time for questioning was up. The appellant approached the bench and objected.

> Your Honor, at this time I'm on the third row, and I believe it's Juror No. 28. And I would ask for more time for the following reasons:
>
> There's still half of the jury panel that I have to question on jobs that involve entry into homes. And this case involves entry into a home.
>
> Also, I have to ask the following question: Anti-crime organizations. I have not gotten to that. And I also need some more time so that I could touch on the punishment issue, Your Honor. And I would be asking people about punishment and individual jurors as to what they would consider for punishment, what they could, and then get their opinions, more specific opinions than they have expressed about punishment.
>
> For that reason, I would request more time.

The trial court allowed the appellant to finish asking the question about entry into homes but did not allow him to ask any other questions.

While the appellant and the State were making their challenges for cause, the appellant disagreed with excusing venire member number seven on the basis that he could not consider the maximum punishment because he could have rehabilitated the venire member if given more time. Also the appellant objected to not being given more time for voir dire because he could have rehabilitated other venire members whom the State successfully challenged for cause. When the appellant had exhausted his peremptory challenges, the appellant requested, and was denied, two more.

During the trial, the jury heard evidence that the victim's oldest child opened the door of their home and two armed and masked men forced their way in. The two men tied up the victim and the child who had opened the door. The men rummaged through the victim's possessions in the home and fled when another child awoke and screamed. The victim's car, pager, and jewelry were taken along with some cash. The police found the appellant's fingerprints inside the house on a dining room closet door. The jury convicted the appellant of aggravated robbery and assessed punishment at ten years' imprisonment, which was probated, and a $10,000 fine.

On direct appeal, the appellant complained that the trial court erred by preventing him from asking the venire his additional questions. He argued that, because he still had proper questions to ask the venire, the trial court should have permitted him to continue. The Court of Appeals agreed, and after applying the test in *McCarter v. State*, 837 S.W.2d 117

(Tex.Crim.App.1992), it held that the trial court erred in failing to give the appellant more time to ask proper questions. *Rios v. State*, 4 S.W.3d 400, 402 (Tex.App.— Houston [1st Dist.] 1999). The Court of Appeals then turned to the question of harm. Citing *Gonzales v. State*, 994 S.W.2d 170, 172 (Tex.Crim.App.1999), and Rule of Appellate Procedure 44.2(a), the Court of Appeals held that the trial court's error harmed the appellant because it denied him the intelligent use of his peremptory challenges. *Rios*, 4 S.W.3d at 403. The Court reversed the appellant's conviction.[2]

The State filed a petition for discretionary review,[3] which we granted. The State claims that (1) the trial court did not err, (2) the standard for the harm analysis for the improper denial of an appellant's request to continue questioning the venire is Rule 44.2(b), and (3) the appellant was not harmed by the trial court's denial of the appellant's request.[4]

## II. Analysis

Trial courts have broad discretion over the jury selection process in Texas. *Cald-well v. State*, 818 S.W.2d 790, 793 (Tex.Crim.App.1991). The trial court does not err in restricting voir dire unless it abuses its discretion. It is within the trial court's discretion to prohibit improper questions and to place reasonable time limits on voir dire. *Ibid.*

Jury selection and the laws governing it are designed to insure that the juries that decide criminal cases in Texas are fair to both sides. Our paramount concern, we have said, is the defendant's right to exercise peremptory challenges intelligently. "It is always commendable for a trial court to dispatch business with promptness and expedition, but this salutary result must never be attained at the risk of denying a party on trial a substantial right." *Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App.1985). We have also said that it is improper for trial courts to impose restrictions on voir dire simply based on the possibility that a question may lengthen the jury selection process. *Woolridge v. State*, 827 S.W.2d 900, 905–06 (Tex.Crim.App.1992).

The law creates a tension between the society's interest in fair juries and society's

---

2. Three justices dissented to the denial of *en banc* review. *Rios*, 4 S.W.3d at 405 (Taft, J., dissenting).

3. The State Prosecuting Attorney and the District Attorney both filed petitions for discretionary review. These petitions were filed before our decision in *Ex parte Taylor*, 36 S.W.3d 883 (Tex.Crim.App.2001), was handed down, in which we held that the State may file only one petition. *Id.* at 885. *See Thomas v. State*, 65 S.W.3d 38, 39 n. 1 (Tex.Crim.App.2001). In *Thomas*, we considered both the S.P.A.'s and D.A.'s petitions for discretionary review when each petition was granted before *Taylor* was decided.

4. The exact grounds of the District Attorney's PDR on which we granted review are:
   (1) The Court of Appeals erred in failing to give the proper deference to the discretion of the trial court in conducting voir dire.

2. The court of appeals erred in holding that imposing an improper restriction on voir dire is constitutional error
3. The court of appeals erred in summarily reversing the conviction without conducting a meaningful harm analysis under rule 44.2(b) of the rules of appellate procedure.
   The exact grounds of the State Prosecuting Attorney's petition on which we granted review are:
   1. The court of appeals erred in holding that improper limitation of defense voir dire is analyzed for harm under rule 44.2(a) of the texas rules of appellate procedure.
   2. The court of appeals erred in holding that the improper limitation of defense voir dire in this case was harmful were the record does not show that the jury was not fair and impartial.

interest in the efficient administration of justice. We seek to strike a just balance between these interests. *See McCarter v. State*, 837 S.W.2d 117, 119–20 (Tex.Crim. App.1992).

To resolve the tension between the competing interests, we have developed a test to determine whether the trial court has erred in preventing a party from asking questions after the trial court's time limit has expired. We created a two-prong test in *De La Rosa v. State*, 414 S.W.2d 668, 671 (Tex.Crim.App.1967), which we expanded to three prongs in *Ratliff v. State*, 690 S.W.2d 597, 599 (Tex.Crim.App.1985). If the defendant was not allowed to ask a question of the entire venire, the reviewing court must decide (1) whether defense counsel attempted to prolong voir dire by asking questions that were irrelevant, immaterial, or unnecessarily repetitious and (2) whether the questions defense counsel was not allowed to ask were proper voir dire questions. If the defendant was not allowed to ask a question of a particular venire member, the reviewing court must also decide whether the actual jury included people whom defense counsel was not permitted to question. *See McCarter*, 837 S.W.2d at 120. The determination is made on a case-by-case basis. *Ratliff v. State*, 690 S.W.2d 597, 601 (Tex.Crim.App.1985).

### III. Application

The Court of Appeals concluded that the appellant did not waste his time during the 45 minutes allotted by the trial court. *Rios*, 4 S.W.3d at 402. It also concluded that the defense counsel's objection revealed that the questions he sought to ask were proper. *Ibid.* I agree with the Court of Appeals's first conclusion and disagree with the second. Because the areas of inquiry that the appellant was prevented from inquiring about were to be posed to the entire venire, we need not address the third prong of the test. *McCarter*, 837 S.W.2d at 120.

### A. Prolonging Voir Dire

In *Ratliff*, we said that the defendant had not attempted to prolong voir dire because "the questions he asked were relevant, material and necessary to help him intelligently exercise his peremptory challenges and his challenges for cause. He did not spend an inordinate amount of time lecturing the jury." *Ratliff v. State*, 690 S.W.2d at 601. In other words, we look at whether defense counsel wasted time during the period allotted by the trial court.

In this case, defense counsel's questions during the 45–minute period were relevant, and it did not appear that counsel was wasting time asking irrelevant questions or needlessly lecturing the jury. This conclusion is true, in part, because the trial court did not go over the basic legal principles, such as, the burden of proof and the presumption of innocence. I agree with the Court of Appeals that the appellant has met the first prong of the test because he was not wasting time during the period allotted by the trial court for individual voir dire.

### B. Proper Questions

I disagree with the Court of Appeals's conclusion that the appellant requested to ask additional proper questions. The record does not reflect what *proper questions* he would have asked if given more time.

Also, I have to ask the following question: Anti-crime organizations. I have not gotten to that. And I also need some more time so that I could touch on the punishment issue, Your Honor. And I would be asking people about punishment and individual jurors as to what they would consider for punishment, what they could, and then get their opin-

ions, more specific opinions than they have expressed about punishment.

There is not a proper question listed in defense counsel's objection that had not already been asked.

First, the appellant listed a topic he wanted to address. There are potentially proper and improper questions that could be asked within the topic of anti-crime organizations. A topic is not the same as a proper question. The form of a question may be improper even if the topic is a legitimate and relevant area of inquiry. *See Howard v. State,* 941 S.W.2d 102, 110–11 (Tex.Crim.App.1996).

Second, the appellant wanted to ask about punishment. He said he wanted to ask what venire members would and could consider for punishment. The State had already asked about whether the jury could consider the full punishment range for aggravated robbery. It is within the trial court's discretion to not allow the parties to duplicate questions during voir dire. Defense counsel also said that he wanted to get more specific opinions about punishment. Once again, this is not a specific question. It is not clear what defense counsel would have asked, and thus, the trial court could not have known whether it was a proper question.

In this case, the trial court did not abuse its discretion in denying the appellant's request to extend the period of questioning so that the appellant could ask questions about anti-crime organizations and punishment issues. These comments were not specific questions.[5]

## C.   Other Arguments

Some might argue that the State Prosecuting Attorney's concession that the trial court erred is binding on this Court. We have held, however, that this is not conclusive in deciding an issue on appeal. *Saldano v. State,* 70 S.W.3d 873, 884 (Tex.Crim.App.2002) ("The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed"). We are required to conduct an independent review. And, according to the analysis above, I respectfully disagree with the State Prosecuting Attorney's conclusion.

Others might argue that a reversal of this conviction is required because the trial court should have gone through the basic legal principles before the parties questioned the venire. I agree that the trial court should have done this, but I disagree that this requires reversal. Efficiency in trial proceedings is an admirable goal. Skipping basic principles so that voir dire can be completed before lunch is not an appropriate way to go about achieving that goal. This fact can be, and has been in this opinion, taken into account under the first prong of the test: the appellant cannot be said to have been wasting time covering basic principles when the trial court failed to cover them. But this is not the only prong of the test, and the appellant failed to present proper questions that he would have asked if given more time.

## IV.   Conclusion

I would reverse the judgment of the Court of Appeals. Because the Court chooses not to, I dissent.

COCHRAN, J., dissenting.

---

**5.**  Because of how I would resolve the State's first ground for review, I would not address the State's second and third grounds for review regarding the Court of Appeals's harm analysis.

I join Judge Price's dissenting opinion. I add the following remarks on the same ground for review[1] because I think there is a vast difference between a "proper" voir dire question which an advocate may ask under *Standefer*[2] and a "proper" voir dire question which an advocate *must* be allowed to ask even after the trial court's reasonable time limit on voir dire has expired. I do not believe that any advocate, for either the State or the defense, is entitled to ask *all* proper questions to the jury panel regardless of how long it would

take to pose them to a patient panel of veniremen.

A Texas trial judge may impose reasonable time limits upon the voir dire questioning.[3] There is no specific time limitation which either is, or is not, necessarily reasonable. In one case a time limitation of 30 minutes may be reasonable,[4] while in another 60 to 90 minutes may be unreasonable.[5] As this Court has explained:

> Each case must be examined on its own facts. A reasonable time limitation for one case may not be reasonable for another. We caution that the amount of

---

[1]. We granted a total of five grounds for review, three by the Harris County District Attorney's Office and two by the State Prosecuting Attorney. These are:
  1. The court of appeals erred in failing to give the proper deference to the discretion of the trial court in conducting voir dire.
  2. The court of appeals erred in holding that imposing an improper restriction on voir dire is constitutional error.
  3. The court of appeals erred in summarily reversing the conviction without conducting a meaningful harm analysis under Rule 44.2(b) of the Rules of Appellate Procedure.
  1. The court of appeals erred in holding that improper limitation of defense voir dire is analyzed for harm under Rule 44.2(a) of the Texas Rules of Appellate Procedure.
  2. The court of appeals erred in holding that the improper limitation of defense voir dire in this case was harmful where the record does not show that the jury was not fair and impartial.
Because these two petitions were granted before our decision in *Ex parte Taylor*, 36 S.W.3d 883 (Tex.Crim.App.2001) (State Prosecuting Attorney has primary authority to represent the State in the Court of Criminal Appeals), *Taylor* does not apply. *See Thomas v. State*, 65 S.W.3d 38, 39 n. 1 (Tex.Crim.App. 2001). In *Thomas*, we considered both the S.P.A.'s and D.A.'s petitions for discretionary review when each petition was granted before *Taylor* was decided.
  Given this plethora of possibilities and a clear record, I cannot understand the Court's

inability to resolve this case on one of them. I would address only the district attorney's first ground for review, and thus I would not reach any question of harm.

[2]. *Standefer v. State*, 59 S.W.3d 177 (Tex.Crim. App.2001).

[3]. *See Caldwell v. State*, 818 S.W.2d 790, 793 (Tex.Crim.App.1991) ("the control of the voir dire examination is within the sound discretion of the trial judge, and it is well-settled that the trial judge's discretionary authority extends to imposing reasonable limitations on the time for which counsel may question the jury panel"); *Clark v. State*, 608 S.W.2d 667, 669 (Tex.Crim.App.1980) ("we reiterate that reasonable time limits may, within the trial court's discretion, be placed on the voir dire examination"); *Barrett v. State*, 516 S.W.2d 181, 182 (Tex.Crim.App.1974) (same).

[4]. *Barrett*, 516 S.W.2d at 182 (30 minute time limit was reasonable when counsel "sought to extend the voir dire proceedings indefinitely by proposing to propound an unspecified number of additional questions to the panel").

[5]. *Clemments v. State*, 940 S.W.2d 207, 209–10 (Tex.App.—San Antonio 1996, pet. ref'd) (60 minute time limit unreasonable when defense was unable to question four panelists who became jury members about their personal knowledge or experiences with child abuse); *Ratliff v. State*, 690 S.W.2d 597, 598–600 (Tex.Crim.App.1985) (81 minutes unreasonable limitation under particular circumstances).

time allotted is not, by itself, conclusive. Various and unpredictable considerations such as the complexity of the case or the makeup of the venire may prolong a voir dire examination. Challenges for cause and discussions at the bench can contribute to a lengthy voir dire examination.[6]

The task of the trial judge, then, is to harmonize the parties' rights to effective questioning of the jury panel and its individual members on relevant legal and personal issues with the interests of the court and the veniremen in efficiency of the trial process.[7]

We have reviewed a trial court's time limitation on voir dire by an "abuse of discretion" standard, taking into account:

1) whether the party attempted to prolong the voir dire;

2) whether the questions that the party was not permitted to ask were proper voir dire questions; and

3) whether the party was not permitted to examine prospective jurors who actually served on the jury.[8]

Generally speaking, a voir dire topic is proper if it seeks to discover a juror's views on an issue applicable to the case.[9] A specific voir dire question is proper if it is neither "too vague"[10] nor "an improper commitment question."[11] Like Goldilocks' porridge, not too hot and not too cold. Thus, a question concerning a relevant topic that is couched in the technically correct manner is a proper, hence permissible, voir dire question.

But I stumble over the proposition that if a particular voir dire question is a permissible one, the trial judge *must* allow a party to ask it even though otherwise reasonable voir dire time limits have been exceeded. All proper questions are permissible, but some proper questions are more important than others.[12] Not all proper voir dire questions can ever be asked in any voir dire proceeding or the panel will sit on its hard wooden bench until the clock strikes thirteen. The mind of a well-trained legal advocate is a fertile field-presumably any one of them could devise a list of a hundred or more "proper" questions for any trial if he were so motivated. As in all of life, however, advocates prioritize.

I think that a trial judge abuses his discretion in refusing to allow an advocate to ask a "proper" question after that lawyer has exceeded otherwise reasonable time limits[13] only if the advocate began his

---

6. *Ratliff,* 690 S.W.2d at 600.

7. *See Id.* at 599 ("[t]hese two principles—the right of counsel to question veniremembers and the right of the trial court to control the voir dire and impose reasonable restrictions—coexist and must be harmonized").

8. *McCarter v. State,* 837 S.W.2d 117, 119 (Tex. Crim.App.1992).

9. *See Robison v. State* 720 S.W.2d 808, 810–11 (Tex.Crim.App.1986); *Campbell v. State,* 685 S.W.2d 23, 25 (Tex.Crim.App.1985).

10. *Barajas v. State,* 93 S.W.3d 36, 39–40 (Tex. Crim.App.2002).

11. *Standefer v. State,* 59 S.W.3d 177, 179–83 (Tex.Crim.App.2001).

12. *Cf* GEORGE ORWELL, ANIMAL FARM ch. 10 (1945) ("All animals are equal, but some animals are more equal than others").

13. Because the party with the burden of proof on the disputed issues is usually the one who legitimately needs the most voir dire time, a general rule of thumb might be that in most cases the time allocated for the State to give its voir dire should also suffice for the defense. However, in cases in which the defense bears the burden of production or proof, such as insanity, duress, necessity, or even self-defense, a trial judge might wisely consult the defense attorney as to his expectations before setting a reasonable time limit.

voir dire by addressing the most important and complex disputed issues in the particular case, kept on point, but still had important personal questions or crucial legal topics to cover when the allotted time ran out. If, through no fault of the advocate, the jury has difficulty understanding a particular issue or law, or if an unexpected amount of time was spent on legal challenges or the background of specific jurors, then the attorney is reasonable in requesting additional time to complete discussion of his core topics. Of course, the attorney should put on the record what core topics remain and the specific questions he needs to ask. The judge would not abuse his discretion if he denied additional time to cover personal issues or law that are not close to the core of the disputed issues.

One-size voir dire obviously does not fit all, but we should trust our advocates to prioritize appropriately and our judges to recognize the crucial from the peripheral. For example, in this case, appellant complained that he did not have time to ask jurors about their membership in anti-crime organizations.[14] At first blush, I cannot understand how a venireman's membership in an anti-crime organization is crucial to the defensive theories in an aggravated robbery case. If the centrality of this issue were explained to the trial judge on the record, however, both the trial judge and I would understand the possible need for inquiry into this area in addition to the questions defense counsel had already posed about law enforcement associations and crime victim experiences.

Similarly, appellant complained about not having enough time to discuss "the punishment issue." Obviously, punishment is an important issue in any felony trial, but I do not know what specific questions or concerns the defense considered crucial to discuss on this topic. In the fullness of time, it does not appear to me that appellant was harmed by this lack of questioning as he was sentenced to 10 years probation in an aggravated robbery case involving a mother and her three children in her home in which the armed robbers tied up the mother and stole her cash, jewelry, and car. The punishment assessed in this case perhaps exemplifies the old adage, "Silence is golden."

In sum, I agree with Judge Price that appellant has failed to demonstrate any error in the trial court's reasonable voir dire time limitations in this case. I dissent to the Court's decision to dismiss the District Attorney's and State Prosecuting Attorney's petitions for discretionary review as improvidently granted.

---

**14.** Defense counsel in this case had already inquired into the panel members' associations with law enforcement and whether those associations might influence their verdict as well as their "crime victim" experiences-especially events involving a weapon-and any impact those experiences might have on their deliberations.