

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1411-16

**JOSHUA JACOBS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### BOWIE COUNTY

RICHARDSON, J., filed a dissenting opinion.

### DISSENTING OPINION

I agree with the holding of the court of appeals, and I would affirm its decision.[1]

Because the majority does not, respectfully, I dissent. As I explain below, unlike the

majority, I view this case as fitting within the very exception we recognized in *Easley v.*

---

[1] The court of appeals held that the trial court abused its discretion by restricting Jacobs's voir dire because the questions that Jacobs sought to ask were proper commitment questions. *Jacobs v. State*, 506 S.W.3d 127, 137 (Tex. App.— Texarkana 2016). It further held that, because the trial court's error violated Jacobs's constitutional right to an impartial jury, it was "a constitutional error that requires a Rule 44.2(a) analysis." *Jacobs*, 506 S.W.3d at 139; TEX. R. APP. P. 44.2(a). The court of appeals concluded that, under the Rule 44.2(a) standard, the constitutional error was harmful because the court of appeals could not say beyond a reasonable doubt that the trial court's error did not contribute to Jacobs's conviction. *Id.*

*State*.[2]   The difference between this case and *Easley* is that, in *Easley*, the trial court's erroneous restriction on voir dire did not infringe upon Easley's constitutional right to be heard by counsel or his constitutional right to have an impartial jury because the defendant's counsel was able to ask other questions that gave him the information he needed to pick an impartial jury. In this case, however, the trial court's erroneous restriction on voir dire prevented Jacobs's counsel from asking what he needed to ask in order to be able to select an impartial jury.  The  reason this erroneous restriction hindered Jacobs's ability to select an impartial jury is because of Texas Code of Criminal Procedure article 38.37, which allowed the State to introduce Jacobs's prior extraneous sexual offense during guilt/innocence.[3]

Jacobs was charged with aggravated sexual assault.  His defense counsel asked the trial court if he would be permitted to ask, as part of his voir dire, certain questions of the jury panel related to Jacobs having a prior similar sexual assault offense.  Jacobs's counsel expressed to the trial court that, since the State would be permitted to introduce, during guilt/innocence, evidence of a prior extraneous sexual assault pursuant to Article 38.37,

---

[2] 424 S.W.3d 535 (Tex. Crim. App. 2014).

[3] Texas Code of Criminal Procedure article 38.37, section 2 applies to sexual related offenses only.  In this case, Article 38.37, section 2 allowed, during the guilt/innocence phase of Jacobs's trial, the admission into evidence of a prior sexual offense committed against a different child.  A prior assault against a different child (other than a sexual assault) would not have been admissible under Article 38.37, section 2(b).

section 2(b),[4] he wanted to make sure that he would be selecting jurors who would not convict his client if the State did not prove every element of the charged offense beyond a reasonable doubt solely because Jacobs had committed a similar type of sexual assault once before. In other words, defense counsel was trying to eliminate "for cause" any potential juror who believed that "once a child molester, always a child molester" regardless of whether the State proved the charged offense beyond a reasonable doubt.[5] These were proper commitment questions and should have been permitted by the trial court.[6]

---

[4] Texas Code of Criminal Procedure article 38.37, section 2(b) provides, in pertinent part, that,

. . . evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) [sexual offenses committed against a child under the age of seventeen or eighteen] may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

[5] The majority states that "it was Jacobs, not the trial judge, who proposed the adjective 'assaultive' in describing the relevant 'offenses.'" Majority Opinion at 12. However, his request to use the term "assaultive" was only in response to the trial judge's ruling prohibiting him from using the term "sexual" to describe the offense.

[6] A commitment question during voir dire is one that commits a prospective juror to resolve, or refrain from resolving, an issue a certain way after learning a particular fact. *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). For a commitment question to be proper, it must meet two criteria: (1) "one of the possible answers to that question must give rise to a valid challenge for cause," and (2) it "must contain only those facts necessary to test whether a prospective juror is challengeable for cause." *Id*. at 182. A challenge for cause is valid if it seeks to excuse an unqualified juror. Texas Code of Criminal Procedure article 35.16 lists all of the specific "Reasons for Challenge for Cause" that render "[a] juror incapable or unfit to serve on the jury." In this case, any potential juror who would not hold the State to its burden to prove all of the elements of the charged offense beyond a reasonable doubt simply because Jacobs had previously committed a sexual offense would be challengeable for cause under Article 35.16(a)(9) and Article 35.16(c)(2). Under Article 35.16(a)(9), a challenge for cause may be made if "the juror has a bias or prejudice in favor of or against the defendant." TEX. CODE CRIM. PROC. art. 35.16(a)(9). Under Article 35.16(c)(2), a challenge for cause may be made by the defense that a juror "has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely." TEX. CODE CRIM. PROC. art. 35.16(c)(2); *see*

The applicability of Article 38.37 here is critical. Evidence of an extraneous prior offense committed by a defendant is usually excluded during the guilt/innocence phase of trial because such evidence is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against collateral charges.[7] However, our Legislature has chosen to make a specific and limited exception to this prohibition. Under Article 38.37, sections 2(a) and 2(b), extraneous prior sexual offenses (not assaultive offenses) committed against a different child (not the complainant) are allowed to be admitted in the guilt/innocence phase of a defendant's trial for a sexual offense against a child.[8] The majority states on page 4 of its opinion that "Jacobs conducted his Article 38.37 voir dire by referring primarily to prior 'assaultive' offenses." This is not accurate. Article 38.37 does not apply to "assaultive" offenses. It only applies when there is a prior sexual

---

*Harris v. State*, No. AP-77,029, 2016 WL 922439, at *5 (Tex. Crim. App. 2016) (not designated for publication) ("A defendant may challenge a veniremember for cause when he or she is alleged to be biased or prejudiced against the defendant or the law on which the State or defendant is entitled to rely. . . . A trial court must excuse the venire member if such a bias or prejudice would substantially impair the juror's ability to carry out his oath and instructions in accordance with the law.") (first citing *Gardner v. State*, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009); and then citing *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002)); *see also Ladd v. State*, 3 S.W.3d 547, 558–59 (Tex. Crim. App. 1999).

[7] *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972); *see also* TEX. R. EVID. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.").

[8] Under Article 38.37, section 2(b), "Notwithstanding Rules 404 and 405, Texas Rules of Evidence, . . . evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) [sexual related offenses against a child] may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. art. 38.37 § 2(b).

offense against a child—which is exactly my point.[9] Jacobs was erroneously prohibited from conducting an Article 38.37 voir dire, which kept him from knowing if he was selecting an impartial jury, which he has a constitutional right to do.

Jacobs did not have the opportunity to initiate any questioning that might have exposed so much as a negative feeling, much less a challengeable bias, possessed by a potential juror against a prior sex offender. Because of Article 38.37 section 2, the prosecutor was allowed to present evidence, during the guilt/innocence phase of the trial, of Jacobs's prior sexual-assault-of-a-child offense.[10] However, Jacobs's counsel was not allowed to ask during voir dire if knowing that Jacobs had a prior sexual-assault-of-a-child offense would affect the potential jurors's ability to be fair and impartial in rendering their verdict of guilt or innocence. Jacobs was therefore precluded from identifying veniremembers who would be challengeable for cause based on their bias against a repeat child sex offender. Gauging the veniremembers's reactions to Jacobs having a prior "assaultive" offense did not (and would not) reveal any bias or prejudice toward Jacobs for having a prior sexual assault conviction. Since the type of prior assaultive offense was the key to whether Jacobs's prior sexual offense would have been admissible during guilt/innocence, the type of prior offense was also the key to revealing whether, knowing

---

[9] *Supra* n.8.

[10] *Supra* n.3.

such information, the potential jurors could or could not have been fair and impartial toward a defendant who was a repeat child-sex-offender.

I do not agree with what seems to be the use of an "estoppel"-type of reasoning to support the majority's holding. Jacobs's attorney only requested using the term "assaultive" because the trial court judge had already denied Jacobs's request to use the term "sexual" to describe the prior offense.

Significantly, the State conceded that the trial court's restriction of Jacobs's voir dire was erroneous.[11] The State's petition and supporting brief challenged only the second and third decisions made by the court of appeals—asserting that the trial court's error was non-constitutional and harmless under Rule 44.2(b). However, the majority does not respond directly to the arguments that were made by the parties in their briefs to this Court. Rather, the majority analyzes "the trial court's conduct" under the constitutional provisions guaranteeing a trial by an impartial jury and the right to be heard by counsel "to ensure that error did not occur under either."[12] However, in this case, both parties agree that error occurred, and they have limited their dispute before this Court to the harm analysis.[13]

---

[11] The State argues, "[t]he court of appeals was correct to find error. But it was wrong to conclude that the error was constitutional in dimension." State's Petition for Discretionary Review at 4.

[12] Majority Opinion at 8.

[13] It is true that our review of an appellate court decision is a matter within our discretion. But as a matter of course, we do not generally address questions that are not raised in the petition for discretionary review. *See Zamora v. State*, 411 S.W.3d 504, 508 n.1 (Tex. Crim. App. 2013); *Batiste v. State*, 888 S.W.2d 9, 10 n.1 (Tex. Crim. App. 1994); *Haughton v. State*, 805 S.W.2d 405, 407 n.1 (Tex. Crim. App. 1990).

I also do not agree with the majority's use of federal law as controlling the issue before us. Historically, federal voir dire has been solely the province of the trial judge, not the attorneys, and thus harm attributable to trial court error is not assessed in the same way. The majority's reliance on federal and out-of-state case law[14] seems misplaced. The majority states that, "[t]o constitute an abuse of discretion, the trial court's voir dire limitation must 'render the defendant's trial fundamentally unfair.'"[15] However, this rule of law has never been our state standard of review whereby we determine if a trial court's limitation on voir dire is harmful error. We have held that, in resolving a claim of trial court error due to its limiting of voir dire questioning, a reviewing court must first determine if the trial court's ruling was an abuse of discretion.[16] In such a review, a trial court's ruling limiting voir dire may be an abuse of discretion if it is arbitrary or unreasonable,[17] or if the appellant was

---

[14] Majority Opinion at 10-13, nn.43-44, 55-57.

[15] *See Id*. at 12 (citing to *Mu'Min v. Virginia*, 500 U.S. 415, 425-26 (1991)).

[16] *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012); *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002); *Rios v. State*, 122 S.W.3d 194, 197 (Tex. Crim. App. 2003); *Skinner v. State*, 956 S.W.2d 532, 542 (Tex. Crim. App. 1997); *Nunfio v. State*, 808 S.W.2d 482, 485 (Tex. Crim. App. 1991); *Smith v. State*, 703 S.W.2d 641, 643 (Tex. Crim. App. 1985).

[17] *See Ratliff v. State*, 690 S.W.2d 597, 599 (Tex. Crim. App. 1985) (a trial court has the right to impose "reasonable restrictions"); *Whitaker v. State*, 653 S.W.2d 781, 781 (Tex. Crim. App. 1983) (holding that the trial court's restriction of the voir dire examination was not unreasonable and did not constitute an abuse of discretion); *Clark v. State*, 608 S.W.2d 667, 670 (Tex. Crim. App. 1980) (holding that the trial court abused its discretion when it imposed an arbitrary time limitation on defendant's voir dire).

precluded from proffering a proper question regarding a proper area of inquiry, which he was in this case.[18]

I therefore disagree with the majority's reference to the case of *George Alarick Jones v. State* as dictating that the federal standard "should apply in a comparable claim under the Texas Constitution."[19] *Jones* does not support that assertion. The appellant in *Jones* argued that the trial court erred by granting the State's challenge for cause. This Court stated that, to show error, the appellant must show either that the trial judge applied the wrong legal standard in sustaining the challenge, or the judge abused his discretion in applying the correct legal standard.[20] This Court held in *Jones* that "it is clear that the trial court erred in granting the State's challenge of veniremember Snyder for cause."[21] We then stated in *Jones* that we must decide "whether the error is constitutional or otherwise, because the standard of review for errors of constitutional dimension is different from the standard for other errors."[22] Therefore, *Jones* is actually consistent with what the court of appeals did in this case, which

---

[18] *See Barajas*, 93 S.W.3d at 38; *Skinner*, 956 S.W.2d at 542 ("The propriety of the question which the defendant sought to ask is determinative of the issue.") (citing *Nunfio v. State*, 808 S.W.2d at 484; *Green v. State*, 934 S.W.2d 92, 106 (Tex. Crim. App. 1996)).

[19] Majority Opinion at 12 ("per *Jones*") (citing *George Alarick Jones v. State*, 982 S.W.2d 386, 391 (Tex. Crim. App. 1998)).

[20] *Jones*, 982 S.W.2d at 388.

[21] *Id*. at 390.

[22] *Id*. at 390-91 (citing Tex. R. App. P. 44.2).

was to first determine error, and if error is found, to then assess harm as either constitutional or non-constitutional under Rule 44.2.[23]

I therefore do not view this stair-step approach as a "misread[ing]" of *Easley v. State*.[24] *Easley* did not condemn the approach of first determining error and then determining harm under Rule 44.2. That particular point was actually not addressed in *Easley*, since the trial court's voir dire limitation was treated as an error.[25] I also do not agree with the majority's statement that "*Easley* does not stand for the proposition" that error should be classified as "'constitutional' or 'nonconstitutional.'" As I read *Easley*, that is exactly the issue this Court addressed—whether the voir dire "error" rose "to the level of constitutional

---

[23] Texas Rule of Appellate Procedure 44.2 addresses how to evaluate "Reversible Error in Criminal Cases":

> (a)    *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.
>
> (b)    *Other Errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

[24] *See* Majority opinion at 6; 424 S.W.3d 535 (Tex. Crim. App. 2014).

[25] *Easley*, 424 S.W.3d at 541 ("While erroneous, the judge's refusal to allow Easley's counsel to compare other burdens of proof did not mean he was foreclosed from explaining the concept of beyond a reasonable doubt and exploring the venire members' understanding and beliefs of reasonable doubt by other methods.")

magnitude" or was a "non-constitutional error."[26]

According to our decision in *Easley,* a trial judge's erroneous refusal to allow defense counsel to ask proper questions of veniremembers is generally considered non-constitutional.[27]  However, we acknowledged in *Easley* that "there may be instances when a judge's limitation on voir dire is so substantial as to warrant labeling the error as constitutional error subject to a Rule 44.2(a) harm analysis."[28]  I agree with the court of appeals that this case represents such an exception.  The trial judge's erroneous limitation on Jacobs's voir dire under the facts of this case warranted labeling his error as constitutional because it hampered Jacobs's ability to exercise what would have been valid challenges for cause, and thus hindered Jacobs's ability to select an impartial jury.

The majority relies on *Johnson v. State*[29] to support its reasoning.  However, *Johnson* did not involve a restriction on voir dire.  It involved a restriction on cross examination.  In

---

[26] *Easley*, 424 S.W.3d at 539-540 (citing *Jones* 982 S.W.2d at 388) ("After finding the judge erred in granting the State's challenge, we were confronted with determining the nature of this error under Texas Rule of Appellate Procedure 44.2"). Unlike in this case, where Jacobs prevailed in the court of appeals on the issue of constitutional versus non-constitutional error, the court of appeals in *Easley* held that the erroneous limitation on voir dire was non-constitutional and harmless.  Hence, Easley would have no-doubt argued, just as Jacobs did in this case, that the error was constitutional since, to argue that the error was non-constitutional would be an argument in favor of the State's position. Yet, the majority limits its analysis because Jacobs "made no independent claim that the trial court's voir dire limitation ran afoul of a non-constitutional provision of law, such as a statute, rule, or precedent."  My question is, why would he when, to do so, would run counter to his legal position?

[27] *Easley*, 424 S.W.3d at 541.

[28] *Id*. at 541.

[29] 433 S.W.3d 546 (Tex. Crim. App. 2014).

*Johnson*, this Court held that the defendant's right to confrontation was not violated simply because the trial court did not allow defense counsel to question the State's witnesses about what kind of first degree felony was pending against them.[30] Our holding in *Johnson* made sense because a witness's tendency to testify favorably for the State would be the same regardless of whether the witness had a pending first degree felony theft or a pending first degree felony robbery. It is the length of a potential sentence stemming from a pending felony hanging over a State witness's head—not necessarily the type of felony—that affects whether that witness might be inclined to testify favorably for the State. In that situation, it makes sense to conclude that the type of felony is irrelevant to the issue of bias on the part of the witness. But in this case, it is the type of prior offense—i.e., sexual—committed by Jacobs that decides whether that prior offense is admissible under Article 38.37, section 2.

The State gave formal notice of its intent to introduce evidence of the prior sexual offense pursuant to Article 38.37 section 3. Since the State was able to, and did, introduce evidence of the prior sexual assault in its case in chief,[31] and since the State would have therefore been permitted to address such topic on voir dire, which it would have been, then

---

[30] *Johnson*, 433 S.W.3d at 557-58.

[31] The State relied heavily on the prior Louisiana sexual offense in its opening statement, in its case-in-chief, and in its final argument. The prosecution began opening statement calling Jacobs a "repeat offender," and describing the details of the prior Louisiana offense to the jury. The State's first witness was the victim of the prior Louisiana offense. And, the State argued in closing that the jury could use the evidence of Appellant's prior Louisiana offense "to determine the character of the defendant and if he was acting in conformity with that character. His character is that he is a sexual predator, and he preys on little girls."

the defendant should also have been permitted to voir dire as requested. Jacobs was entitled

to know whether the potential jurors would still hold the State to its burden of proof in spite

of such evidence.

An error that infringes on a constitutional right is a constitutional error.[32] "When

confronted with a constitutional error, a reviewing court must analyze the error under Rule

44.2(a)."[33] A defendant's right to an impartial jury is a constitutional right.[34] An impartial

jury is one that does not favor a party or individual due to the emotions of the human mind,

heart, or affections.[35] Our case law is well established that, essential to the Sixth Amendment

guarantee of a trial before an impartial jury is the right to question veniremembers in order

to intelligently exercise challenges for cause to identify unqualified jurors.[36] A juror with a

---

[32] *See, e.g.*, *Snowden v. State*, 353 S.W.3d 815, 818 (Tex. Crim. App. 2011) ("When a prosecutorial remark impinges upon an appellant's privilege against self-incrimination under the constitution of Texas or of the United States, it is error of constitutional magnitude.") (citing *Canales v. State*, 98 S.W.3d 690, 695 (Tex. Crim. App. 2003) and *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001)).

[33] *Snowden*, 353 S.W.3d at 818.

[34] U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, . . . and to have the Assistance of Counsel for his defence [*sic*]."); TEX. CONST. art. I, § 10 ("In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. . . and shall have the right of being heard by himself or counsel, or both. . . .").

[35] *Durrough v. State*, 562 S.W.2d 488, 490 (Tex. Crim. App. 1978).

[36] *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004) ("Constitutional provisions bear on the selection of a jury for the trial of a criminal case.") (first citing U.S. CONST. amend. VI; then citing *Morgan v. Illinois*, 504 U.S. 719, 729 (1992), then citing *Raby v. State*, 970 S.W.2d 1, 10 (Tex. Crim. App. 1998); then citing *Linnell v. State*, 935 S.W.2d 426, 428 (Tex. Crim. App. 1996); and then citing *Dinkins v. State*, 894 S.W.2d 330, 344–45 (Tex. Crim. App. 1995) (some citations omitted)); *see also Armstrong v. State*, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995) (holding that the

bias or prejudice against the defendant or against any law applicable to the case, who would decide the case based on such bias rather than holding the State to its burden to prove the charged offense beyond a reasonable doubt, is an unqualified juror.[37]  Why would it not logically follow, then, that, if a trial court judge places a restriction on a defendant's ability to select such impartial jurors, as the judge did in this case, such erroneous restriction would be a constitutional error?

The majority believes that the trial judge was "evidently concerned" that if the jury had been informed that Jacobs had a prior sexual offense, the jury pool would be "poison[ed]" and he would have to "bust[] the panel."[38]  However, when the right to select a fair and impartial jury clashes with a judge's concern over being able to obtain a qualified jury due to there being highly sensitive and polarizing issues involved in the case, the solution is not to restrict the attorneys from asking legitimate voir dire questions (that may validly eliminate unqualified jurors).  Rather, the solution (such as is done in capital death cases) is to bring in a supplemental panel.  Obviously, excusing potential jurors who have preconceived opinions about certain topics (such as the death penalty or repeat sexual offenders) is the whole purpose behind being able to ask such questions.

The questions Jacobs's counsel sought to ask would not have merely provided

---

jury selection process is designed to insure that an intelligent, alert, disinterested, impartial, and truthful jury will perform the duty assigned to it).

[37] TEX. CODE CRIM. PROC. art. 35.16(a)(9), (c)(2).

[38] *See* Majority Opinion at 3.

information that would have assisted him in exercising peremptory challenges. Clearly, the fact that a proffered question would "be of some use in exercising peremptory challenges" does not mean that such a question is compelled by the constitution.[39] But here, Jacobs was trying to get information that would have given rise to a valid challenge for cause, not just to assist him in exercising peremptory challenges. That is what made Jacobs's voir dire questions proper commitment questions, and that is why the trial court's error in not allowing him to ask these questions impinged his constitutional right to select an impartial jury, and that is why the error was a constitutional error. As such, I agree with the unanimous decision by the Sixth Court of Appeals. Because the majority does not, respectfully, I dissent.

FILED:        October 10, 2018

PUBLISH

---

[39] *Mu'Min v. Virginia*, 500 U.S. 415, 424-25 (1991).